STATE OF IOWA, appellee, v. CLIFFORD W. BISHOP, appellant.

No. 51446.

(Reported in 132 N.W.2d 455)

JANUARY 12, 1965.

Donohue, Wilkins & Donohue, of West Union, for appellant.

338

Evan Hultman, Attorney General, George J. Knoke, Assistant Attorney General, and Walter L. Saur, Fayette County Attorney, for appellee.

THORNTON, J.—The question presented is whether the motor truck driven by defendant, adapted for and used solely in delivering and applying anhydrous ammonia and liquid fertilizer, is an implement of husbandry as defined in section 321.1, paragraph 16. (All references are to the Code of Iowa, 1962, unless otherwise stated.)

Defendant was convicted of driving an unregistered motor truck upon the highway in violation of section 321.17. He contended in the trial court and urges here he comes within the exception in section 321.18, subparagraph 3, excepting "any implement of husbandry." No other contention is made.

Defendant is an employee. His employer is in the business of selling liquid fertilizer. Defendant, at the time of arrest, was driving a truck leased by his employer. The evidence shows the truck is used exclusively in delivering and applying liquid fertilizer. The truck is modified for such use. A bed is welded to the frame of the truck so that it can be used to hydraulically lift the full tank of fertilizer off the ground, collapse the legs, and drop the bed and tank on the truck frame, bind the tank on and transport it to the farm. The truck was used only for three months of the year. The normal season for the delivery of liquid fertilizer is from April 15 to July 15. The truck is not used during the other nine months of the year. In addition to carrying a tank of fertilizer the truck is used to tow trailers with tanks of fertilizer and used in a farmer's field to tow an applicator or a tank for application.

The truck as modified is not adapted for other use except to pull any type of trailer, to use it for some other purpose the bed would have to be cut off the truck.

Section 321.1 is as follows:

"Definition of words and phrases. The following words and phrases when used in this chapter shall, for the purpose of this chapter, have the meanings respectively ascribed to them. * * *

"16. 'Implement of husbandry' means every vehicle which is designed for agricultural purposes and exclusively used by the owner thereof in the conduct of his agricultural operations and shall include portable livestock loading chutes without regard to whether such chutes are used by the owner in the conduct of his agricultural operation, provided however, that such chutes are not used as a vehicle on the highway for the purpose of transporting property. It shall also include equipment of any kind for the storage, transportation, application, or any combination thereof, of anhydrous ammonia or other liquid commercial fertilizer used by owners of agricultural operations or dealers and distributors in delivering to, and supplying such owners."

Defendant urges for reversal the statute is clear and unambiguous and its meaning so clear and unmistakable, exempting the truck from registration, that there is no room to construe the statute. The State on the other hand contends the word "equipment" has no definitive or standard meaning, an ambiguity is thus created and resort may be had to construction. It urges this is an exception to a taxing statute and must be strictly construed and under applicable rules of construction a vehicle in order to constitute an implement of husbandry must be designed for agricultural purposes.

I. Here the registration fee is a tax and defendant is contending he came within the exception and his truck is an implement of husbandry. He has the burden to show he comes fairly within the exception. Crown Concrete Co. v. Conkling, 247 Iowa 609, 75 N.W.2d 351; and Wood Brothers Thresher Co. v. Eicher, 231 Iowa 550, 1 N.W.2d 655.

The first principle in construing a statute is stated in rule 344(f), paragraph 13, Rules of Civil Procedure, one of the propositions deemed so well established that authorities need not be cited in support of any of them. It is:

"In construing statutes the courts search for the legislative intent as shown by what the legislature said, rather than what it should or might have said."

This thought has been stated in various ways. Justice Oliver Wendell Holmes put it this way, " 'We do not inquire what the

legislature meant. We ask only what the statute means'." Cook v. Bornholdt, 250 Iowa 696, 698, 95 N.W.2d 749, 751. See also Bergeson v. Pesch, 254 Iowa 223, 117 N.W.2d 431.

█ █ It is proper for us to consider the subject matter of the statute as stated by the legislature in determining the proper construction of a statute. Fabricius v. Montgomery Elevator Co., 254 Iowa 1319, 1321, 121 N.W.2d 361, 93 A. L. R.2d 591. And to consider the evil sought to be remedied and the object and purposes sought to be obtained by it. Center Township School District v. Oakland Independent School District, 253 Iowa 391, 398, 112 N.W.2d 665.

Here our problem is, what is included in "implements of husbandry" as defined in section 321.1, paragraph 16?

█ The second sentence of paragraph 16 relates to equipment used in delivering and supplying liquid fertilizer. This sentence was added by the Fifty-seventh General Assembly, chapter 145, in 1957. The Act was entitled, "AN ACT relating to the transporting of instruments of husbandry and commercial fertilizers." Its purpose was to add to the former definitions instruments having to do with commercial fertilizers. The second sentence of paragraph 16 again is:

"It shall also include equipment of any kind for the storage, transportation, application, or any combination thereof, of anhydrous ammonia or other liquid commercial fertilizer used by owners of agricultural operations or dealers and distributors in delivering to, and supplying such owners."

"It" of course refers back to "implement of husbandry" as used in the first sentence of the paragraph.

"Equipment", which the State contends has no definiton or standard meaning, we find is a word of general meaning including or describing the implements used in an operation or activity. In Webster's Third New International Dictionary, unabridged, at page 768, "equipment", as a noun, is defined:

"2a: * * * (1): the implements (as machinery or tools) used in an operation or activity. * * * syn: equipment, apparatus, machinery, paraphernalia, outfit, tackle, gear, matériel can signify, in common, all the things used in a given work or useful in affecting a given end. Equipment usu. covers every-

thing, except personnel, needed for efficient operation or service. * * * (the marines took with them full combat equipment, including tanks, artillery, jeeps, trucks, and flamethrowers.— Time.)"

In Webster's New International Dictionary, Second Ed., unabridged, "equipment", as a noun, is defined thus, "* * * 4. In industry, the physical facilities available for production, including buildings, machines, tools, etc. 5. Railroads. Cars and locomotives; rolling stock." See 14A Words and Phrases, page 540 et seq. and 1964 pocket part.

In McClary v. State, 211 Tenn. 63, 362 S.W.2d 457, 459, an automobile was held to be equipment used in a lottery.

"Any" means all or every. Herman v. Muhs, 256 Iowa 38, 41, 126 N.W.2d 400, 402.

"Kind", as here used, refers to any group, class or category. We thus have "implements of all classes."

Such equipment must be "for the storage, transportation, application, or any combination thereof." And it must be used in delivering to and supplying liquid fertilizer to farmers. The operation or activity contemplated is delivering and supplying the liquid fertilizer to farmers. A piece of equipment for transportation of liquid fertilizer is contemplated in "delivering."

A motor truck not only comes within the contemplation of the statute but it is the one piece of machinery that first comes to mind when an implement for transportation used in delivering is contemplated. It is common knowledge the implement or vehicle commonly used in delivering products from distributors to farmers in Iowa is a motor truck.

If we give each word in the second sentence of section 321.1, paragraph 16, its full ordinary meaning, a motor truck fairly comes within the term "equipment of any kind." If the legislature had not intended motor trucks to be included it would have said, "equipment of any kind, except motor trucks, etc."

Neither the term "equipment of any kind" nor the sentence in which it is used is ambiguous.

II. Though the foregoing disposes of the case we point out the other contentions of the State are untenable. One contention is the rule of ejusdem generis is applicable and for equipment of

**342**

any kind to be an implement of husbandry it must be designed for agricultural purposes.

■ The rule means that, "where an enumeration of specific things is followed by some more general word or phrase, such general word or phrase is to be held to refer to things of the same kind, as in the case of a 'clean-up' phrase, such as the term 'otherwise' with respect to a classification which immediately precedes it." 28 C. J. S., Ejusdem generis, pages 1049, 1050. Hewitt v. Whattoff, 251 Iowa 171, 175, 100 N.W.2d 24.

See also Sioux Associates, Inc., v. Iowa Liquor Control Commission, 257 Iowa 308, 132 N.W.2d 421; State v. Wignall, 150 Iowa 650, 128 N.W. 935, 34 L. R. A., N. S., 507; and Rohlf v. Kasemeier, 140 Iowa 182, 187, 118 N.W. 276, 23 L. R. A., N.S., 1284, 132 Am. St. Rep. 261, 17 Ann. Cas. 750.

■■ In paragraph 16 there is not an enumeration of specific things and certainly no clean-up word. As originally adopted, see Forty-seventh General Assembly, chapter 134, section 14, page 219, the paragraph included only what are now the first four lines. In 1955 the Fifty-sixth General Assembly, chapter 155, added portable livestock loading chutes. In 1957 the Fifty-seventh General Assembly, chapter 145, added the second sentence under consideration. To determine the meaning it is proper to consider the statute as written at one time. So considered the statute includes three things in the definition: first, the implements designed for agricultural purposes and used by the owner in farming; second, loading chutes without regard to use on the farm; and third, the definition "shall also include equipment of any kind for * * * transportation * * * of * * * liquid commercial fertilizer used * * * in delivering * * *." This is not an enumeration but adding something not included or contemplated in the first and second parts. There is no indication of a general clean-up word or phrase to include items similar to those previously mentioned. Rather, items used in a particular activity are added. If the intention was to restrict the second sentence to items designed for agricultural purposes used by dealers or distributors in delivering to farmers, "equipment of any kind" is surplusage without meaning.

The State also argues the fact implements of husbandry are

exempt from safety equipment requirements and size, weight and load restrictions indicates an intent that a motor truck would fall within the general rule rather than the exception. This argument goes to the wisdom or perhaps absurdity of the statute. It disregards the fact that when the motor truck here used to deliver liquid fertilizer is used for any but this limited purpose it must be registered and of course meet all other statutory requirements.

It follows the case must be and it is hereby reversed and remanded with directions to dismiss the case.—Reversed and remanded.

All JUSTICES concur.