**STATE of Iowa, Appellant,**

v.

**Arthur G. RICKE, Appellee.**

**STATE of Iowa, Appellant,**

v.

**Alfred R. MEYERS, Appellee.**

**No. 53095.**

Supreme Court of Iowa.

July 18, 1968.

Rehearing Denied Sept. 4, 1968.

Richard C. Turner, Atty. Gen., Robert N. Merillat, Sp. Asst. Atty. Gen., and Counsel to Iowa State Highway Commission, and James E. Graham, Asst. Atty. Gen., Iowa State Highway Commission, for appellant.

James H. Reynolds, Dubuque, for appellees.

SNELL, Justice.

The State has appealed from the dismissal of charges involving the operation of overloaded trucks on the highway in violation of section 321.463, Code of Iowa.

Two cases against separate defendants but involving the same question of law were consolidated for trial and appeal.

The cases were submitted on a stipulation of facts from which we summarize.

Each defendant was an employee of Dubuque County and each was operating a dump truck owned by the county. One truck was loaded with gravel chips, the other with crushed rock. In each instance the material was for use on a county road. Each vehicle was stopped and weighed by weight officers of the highway commission and found to be loaded in excess of the limits permitted by section 321.463, Code of Iowa. Informations were filed and transferred to the municipal court of Dubuque for trial. The trial court held that under section 321.453 the provisions of section 321.463 did not apply. The charges were dismissed. The State appealed.

The only issue is whether section 321.453 of the Code exempted defendants-appellees from complying with section 321.463.

I. The statutory provisions involved here are part of chapter 321 of our Code entitled "Motor Vehicles and Law of Road" with subhead entitled "Size, Weight and Load."

Section 321.463 sets forth the maximum permissible axle loads and combinations thereof and for graduated penalties based on the percentage of overload. We have no issue here as to the fact or extent of overloading.

Section 321.453 provides:

"Exceptions. The provisions of this chapter governing size, weight, and load shall not apply to fire apparatus, *road machinery*, or to implements of husbandry temporarily moved upon a highway, or to implements moved between the dealer and

farm purchaser within a fifty-mile radius from corporate limits wherein his place of business is located, except on any part of the Interstate Highway System, or to a vehicle operating under the terms of a special permit issued as provided in sections 321.467 to 321.470, inclusive." (Emphasis added)

Defendants claimed and the trial court held that dump trucks owned by the county and used to haul gravel and crushed rock were "road machinery" and consequently exempt from compliance with the load limitations otherwise applicable. We disagree.

II. Appellees argue that sections 321.453 and 321.463 are penal statutes and as such must be liberally construed so that all doubts are resolved in favor of defendants. Section 321.463 is unquestionably a penal statute and must be so construed. That is not an issue here. However, section 321.453 is not a penal statute. It is an exemption statute and as such must be strictly construed against the one claiming exemption.

In Wood Brothers Thresher Co. v. Eicher, 231 Iowa 550, 562, 1 N.W.2d 655, 661, this appears:

"It is a well-known rule of statutory construction, that any exemption or exception in a statute contrary to its general enacting clause must be strictly construed, and all doubts shall be resolved in favor of the general provision rather than the exception." (Citations)

See also State v. Bishop, 257 Iowa 336, 339, 132 N.W.2d 455, 457, wherein it is held that one claiming an exception has the burden to show "he comes fairly within the exception."

III. Section 321.453 refers to "road machinery." Nothing is said about road building or maintenance equipment. No mention is made of general purpose trucks used for maintenance of roads. We think the words "road machinery" mean special equipment designed for road work either construction or maintenance. Dump

trucks may be and are widely used in hauling material for road work. That fact does not convert a dump truck into "road machinery." If it did, it might exempt from the operation of the law every truck used or employed by a contractor to haul material to a road construction site. Dump trucks are used for many different purposes. There is nothing in the record before us to indicate that the trucks involved here were any different from others used for general hauling purposes.

IV. Appellees cite no judicial authority for their position but rely as did the trial court on an Attorney General's opinion, 1940 O.A.G. 309. That opinion involved the necessity for a special permit and held that a county truck with underbody blade for dragging was road machinery. While such an opinion is not binding on us it is entitled to respect and we might be inclined to agree but such a holding would not control here. An underbody blade for road dragging is special equipment for a special purpose. It converted the truck into special purpose equipment and, conceding that a truck is machinery, it became road machinery. Such is not the case here.

Until the legislature exempts from the operation of the law trucks hauling material to a road job there is nothing to distinguish such a truck from one hauling material for a building foundation, a parking lot or a farm lane.

■ V. The intent of the legislature as expressed in the statute should, of course, be followed. In State v. Bishop, supra, loc. cit. 339, 340, 132 N.W.2d at 457, this appears:

" 'In construing statutes the courts search for the legislative intent as shown by what the legislature said, rather than what it should or might have said.'

"This thought has been stated in various ways. Justice Oliver Wendell Holmes put it this way, 'We do not inquire what the legislature meant. We ask only what the statute means.' (Citations)

"It is proper for us to consider the subject matter of the statute as stated by the legislature in determining the proper construction of a statute. (Citations) And to consider the evil sought to be remedied and the object and purposes sought to be obtained by it. (Citation)"

Here the legislature exempted road machinery. We do not think dump trucks became road machinery just because they were used to haul material for road work.

Pestotnik v. Balliet, 233 Iowa 1047, 10 N.W.2d 99 involved an intersection collision between a gravel truck and a car. The exemption statute now before us was not involved but this statement therein is significant. "We do not think that construction work on the highways would nullify or render inoperative the rules of the road." (loc. cit. 1056, 10 N.W.2d at 103)

VI. The law relating to movement of oversized vehicles was extensively amended by chapter 285, Laws of the 62nd General Assembly, but nothing therein is relevant to the problem before us.

There is no claim here that defendants were exempt from prosecution because they were employed by the county or because the county owned the trucks.

VII. The conclusion of the trial court is reversed but the case is not remanded. Sections 793.9 and 793.20, Code of Iowa.

Reversed.

All Justices concur.