Alvin H. OVERBECK, Executor of the Estate of John G. Overbeck, Deceased, Appellant,

v.

Vernon H. DILLABER and Mabel A. Dillaber, Appellees.

No. 53262.

Supreme Court of Iowa.

March 11, 1969.

**796**

Winston & Reuber, and Walter C. Schroeder, Mason City, for appellant.

Clyde Putnam, Jr., Des Moines, and Warren L. DeVries, Mason City, for appellees.

STUART, Justice.

On August 4, 1965 John G. Overbeck was injured in an automobile collision which, it is alleged, caused his death on April 14, 1967. Plaintiff was appointed executor on April 18, 1967. This petition seeking damages for decedent's personal injuries and wrongful death was filed February 16, 1968. Original notice was served February 19, 1968. The only question on this appeal is whether plaintiff's cause of action is barred under the two year statute of limitations section 614.1(3), Code of Iowa, or whether the period of limitation was extended by the death of his decedent under section 614.9.

Plaintiff claims section 614.9 is a general exception which applies to the various limitations of actions set out in section 614.1. Defendants claim section 614.9 applies only to situations arising under 614.8 and the period of limitation applicable to plaintiff's cause of action was not extended thereby. The trial court agreed with defendants' construction of the statutes in ruling on plaintiff's motion for an adjudication of point of law. Plaintiff has appealed from such ruling.

"It has been uniformly held that once the statute of limitations begins to run nothing stops it. Not even death or disability will toll the statute unless it be otherwise provided by statute." In re Estate of Hoenig, 230 Iowa 718, 726, 298 N. W. 887, 891. We must therefore determine whether the legislature has provided for an extension of the period of limitation.

The pertinent code sections are:

"614.8. Minors and Mentally ill persons. The times limited for actions herein, except those brought for penalties and forfeitures, shall be extended in favor of minors and mentally ill persons, so that they shall have one year from and after the termination of such disability within which to commence said action."

"614.9. Exception in case of death. If the person having a cause of action dies within one year next previous to the expiration of the limitation above provided for,

such limitation shall not apply until one year after such death."

These two sections have remained in substantially this form since the Code of 1873, (sections 2535 and 2536). Prior to that time what is now section 614.8 provided: "The above limitation of actions for the recovery of real property shall not apply to minors so far as to prevent them from having at least one year after attaining their majority within which to commence such actions." It was followed by section 1667 which is substantially the same as 614.9.

Using this legislative history as a basis, defendants argue and the trial court said: "The underlined portions of Section 614.8, as set forth above, and which have remained the same since the Code of 1873, clearly refer to the general provisions for limitations of actions which have always preceded this section in the chapter, 'Limitations of Actions'. The word 'times' is plural and clearly refers to the various times for limitations, as set forth in Section 614.1.

"In 614.9 the words 'limitation above provided for' are in question in this case. Plaintiff asserts that these words refer to the expiration of all limitations provided for in Section 614.1. The word 'limitation' is in the singular. The preceding Section 614.8, as it originally existed in the Code of 1851, dealt with a single limitation in favor of minors who had a cause of action for the recovery of real property. It would seem logical that the provisions of Section 614.9 referred to this specific provision."

We cannot agree with the trial court's limited application of section 614.9. "[I]n construing a statute, it is important to consider the state of the law before it was enacted and the evil it was designed to remedy, and that it is the business of courts to so construe an act as to suppress the mischief and advance the remedy.

And that, in arriving at the intention of the legislature, the subject matter, effect, consequence, and the reason and spirit of the statute must be considered, as well as words, in interpreting and construing it." Newgirg v. Black, 174 Iowa 636, 643, 156 N.W. 708, 710; Severson v. Sueppel, 260 Iowa 1169, 152 N.W.2d 281, 284; State v. Bishop, 257 Iowa 336, 340, 132 N.W.2d 455, 457. Of course, we must search for the legislative intent as shown by what the legislature said rather than what we believe it should or might have said. R.C.P. 344(f), par. 13.

Section 614.9 is an attempt to provide relief from the "disadvantages at which an executor or administrator is placed in suing on causes of action belonging to his decedent, and the delays which may be occasioned by the latter's death". 34 Am.Jur. 171, Limitation of Actions § 213. More than twenty states have done so by language similar to that of section 614.9 including Arizona, Ariz.Rev.Stat.Ann. § 12–504 (1956); California, Cal. Code of Civ. Procedure, § 353; Connecticut, Conn. Gen.Stat. (Rev.1958) § 52–594; Illinois, Ill.Rev.Stat. (1967) ch. 83, § 20; Indiana, Ind.Ann.Stat. § 2–607 (Burns 1967 Repl.); New York, N.Y. Civil Practice Law and Rules § 210(a); Wisconsin, Wis.Stat.Ann. § 893.34 (1966).

We have not identified any special problem with which the personal representatives of deceased minors or mentally ill would be confronted that would suggest a logical reason for limiting the relief granted by section 614.9 to their special situation. The only instance in which they would be granted relief in addition to that afforded by 614.8 would be that in which the person who was previously under a disability would die within a year after the disability was removed. We do not believe this situation is so distressing the legislature intended they should have a remedy denied the personal representative of every other person who might die during the year immediately prior to the bar of his cause of action.

The mischief section 614.9 seeks to eliminate is not limited to the personal representatives of deceased minors or mentally ill and unless the wording of the statute compels such limitation it should be construed as an exception applying generally to the limitations of actions found in Chapter 614.

We do not believe the language of section 614.9 is so clear and unambiguous that there is no room for statutory construction. Kruck v. Needles, 259 Iowa 470, 476–477, 144 N.W.2d 296, 300–301; Consolidated Freightways Corp. v. Nicholas, 258 Iowa 115, 120, 137 N.W.2d 900, 904. The fact that it has always been a separate section casts doubt on its limited application.

To repeat, 614.9 says: "If the person having a cause of action dies within one year next previous to the expiration of the limitation above provided for, such limitation shall not apply until one year after such death."

Defendant's argument and the trial court's ruling are founded upon the use of the singular in the phrase "expiration of the limitation above provided for". Although we have disregarded the technical rules of grammar and punctuation, when we have felt it necessary to do so to arrive at the true legislative intent, Code of Iowa, section 4.1(3), State ex rel. Winterfield v. Hardin County Rural Electric Cooperative, 226 Iowa 896, 916, 285 N.W. 219, 229, we do not need to construe the phrase as plural in order to arrive at the construction we believe correctly expresses the legislative intent.

The entire section is phrased in the singular—"a person"—"a cause of action" and "limitation above provided for". There is but one period of limitation provided for each cause of action whether the applicable section be 614.8 or 614.1. It would not be grammatically correct to change "limitation" to "limitations" because all of the various limitations do not apply to "a cause of action". In our opinion the legislature was referring to the one statute of limitations which applied to the particular cause of action held by the person who died. "Above provided for" does not limit the application of 614.9 to the section which immediately precedes it. Therefore, we hold section 614.9 is a general exception which applies to all statutes of limitations contained in section 614.1 as well as that specified in section 614.8.

Although this portion of the statute has not been previously construed, our interpretation is not without support. In Newgirg v. Black, 174 Iowa at 645, 156 N.W. at 711, what is now section 614.9 was referred to as "the general exception" to the statute of limitations in the case of death. The author of the Note, 48 Iowa L.Rev. 666, 669, said: "Iowa has a two-year statute of limitations for bringing an action for wrongful death. The statute commences to run from the date of injury and not the date of death, but if the injured party dies within one year preceding the expiration of the statute of limitations, the statute is extended until one year after the date of death."

These references are not intended to serve as authorities but to demonstrate others have previously construed the statute as we do now.

For the reasons stated this case is reversed and remanded to the trial court for further proceedings.

Reversed and remanded.

All Justices concur, except MASON, J., who takes no part.