**STATE of Iowa, Appellant,**

v.

**James J. McDONALD, Appellee.**

**No. 55009.**

Supreme Court of Iowa.

May 11, 1972.

Richard C. Turner, Atty. Gen., Asher E. Schroeder, Sp. Asst. Atty. Gen., and Counsel, Iowa State Highway Comm., and Robert W. Goodwin, Asst. Atty. Gen., Ames, for appellant.

T. M. Whicher, Sioux City, for appellee.

RAWLINGS, Justice.

State appeals from dismissal of county attorney's information charging defendant operated an overweight vehicle on a public highway in violation of The Code 1971, Section 321.463. We affirm.

Defendant was employed by Petit Construction Company, a concern primarily engaged in road building. The morning of February 24, 1971, defendant drove a Petit owned tire equipped Caterpillar 631–B tractor-scraper from Sioux City to a county road work site just north of Sergeant Bluff. It appears the machine was driven over Lakeport Road in Sioux City and what is known as old Highway 75 from the city limits to the project area.

A highway commission traffic weight officer arrested defendant about 4:10 A.M. near Sergeant Bluff. Without question the involved machine is used in road building and at the time here concerned had an axle No. 2 weight of 27,160 pounds, or 9160 pounds statutory overage.

Upon filing of the aforesaid information, in Sioux City Municipal Court, defendant entered a not guilty plea. Trial to jury followed. At close of the State's evidence a defense motion for directed verdict was sustained. Defendant was thereupon discharged and the case dismissed.

The sole issue presented is whether this tractor-scraper qualified as "road machinery" exempt from compliance with otherwise applicable statutory weight limitations.

I. To the extent here relevant Code § 321.453 provides: "The provisions of this chapter governing size, weight, and load shall not apply to * * * road machinery * * * temporarily moved upon a highway * * *."

The purpose and nature of Code §§ 321.-463 and 321.453, with some applicable rules of statutory construction, having been by us heretofore set forth at length, need not be now repeated. See State v. Ricke, 160 N.W.2d 499 (Iowa); State v. Balsley, 242 Iowa 845, 850, 48 N.W.2d 287. See also Code § 4.1(2); Durant-Wilton Motors, Inc. v. Tiffin Fire Ass'n, 164 N.W.2d 829 (Iowa).

II. Although the General Assembly saw fit to provide 71 relevant definitions in Code § 321.1, "road machinery" is noticeably absent. So our task has been and is to determine the legislative meaning of § 321.453 as applied to the factual situation here involved.

In State v. Ricke, *supra*, we held, dump trucks may be employed for many general purposes and their use, *inter alia*, in hauling material for road work did not convert them into "road machinery". At the same time this court said, loc. cit., 160 N.W.2d 500: "* * * the words 'road machinery' mean special equipment designed for road work either construction or maintenance."

Now, however, the State, via its highway commission, contends "road machinery" should be held to mean special equip-ment designed for road work, either construction or maintenance, while being so used at that time for those purposes at or in close proximity to the site of the road work.

It is to us evident this definition, in actual application, would be so restrictive as to be unreasonable. We cannot say the legislature intended any such result. See State v. Guardsmark, Inc., 190 N.W.2d 397, 400 (Iowa). In other words the State inceptionally argues, "equipment specially designed for highway construction or maintenance" should signify machinery designed exclusively for road work. But there is little or no such equipment available on the market today. Even large mobile concrete paving equipment may conceivably be used for construction of airport runways and other like projects.

Thus, the State's proposed definition would serve to nullify that portion of Code § 321.453 quoted above. We cannot adopt any such futilous view. See Janson v. Fulton, 162 N.W.2d 438, 443 (Iowa).

Additionally, when § 321.453 is viewed in light of § 321.463, it becomes evident we are concerned with the operation of vehicles on public highways and specific exceptions accorded designated overweight machines. Significantly the legislature said the provisions of chapter 321 governing size, weight and load shall not apply to road machinery *temporarily moved upon a highway*. Surely these italicized words do not mean "while used at or in close proximity to a highway construction or maintenance project." If that had been the legislative intent it could easily have so stated. In any event, it is not for us to read such words and meaning into § 321.453. See Wendelin v. Russell, 259 Iowa 1152, 1159, 147 N.W.2d 188, and citations. We are satisfied the General Assembly, by enactment of § 321.-453, meant that overweight road machinery could be temporarily or transitorily operated on our public highways without the owners or operators thereof being subject to the penalties provided in § 321.463.

III. The instantly involved tractor-scraper clearly qualified as special equipment designed for road work which, at the time here concerned, had been or was being temporarily moved upon a highway. Trial court correctly sustained defendant's motion for directed verdict and in ordering the case dismissed.

Affirmed.

All Justices concur, except McCORMICK, J., who takes no part.