In the Matter of the Testimony of
Theodore GIRDLER, Jr.,

Theodore GIRDLER, Jr., Appellant,

v.

STATE of Iowa, Appellee.

No. 84–277.

Supreme Court of Iowa.

Nov. 14, 1984.
Rehearing Denied Jan. 10, 1985.

Thomas S. Reavely, Des Moines, and Stanley M. Fisher of Arter & Hadden, Cleveland, Ohio, for appellant.

Thomas J. Miller, Atty. Gen., and John R. Perkins, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C.J., and McCORMICK, LARSON, SCHULTZ, and CARTER, JJ.

CARTER, Justice.

This is an appeal in advance of final judgment from an order of the district court granting the application of the attorney general to grant immunity to appellant Theodore Girdler, Jr. with respect to any crime or public offense concerning which he might be compelled to give testimony in a civil antitrust action. We granted permission to appeal upon the application of appellant.

Theodore Girdler, Jr. is apparently an officer of Binney & Smith, Inc., a defendant in a civil action commenced in the Iowa District Court in Polk County. That action alleges that Binney & Smith, Inc. violated the Iowa Competition Law contained in Iowa Code sections 553.1–.17 (1983). As a corporate officer, Girdler was given notice by the attorney general pursuant to Iowa Rules of Civil Procedure 147(c) and (d) that his attendance was required in this state for the taking of his deposition for use in the pending civil antitrust action. As the result of this notice, he advised the attorney general by letter that he would assert his fifth amendment rights to decline to answer questions propounded during the taking of any such deposition.

This response by Girdler precipitated action by the attorney general purporting to act under authority of Iowa Rule of Criminal Procedure 19(3) to secure a grant of immunity for Girdler with respect to any crime or public offenses concerning which he might be compelled to testify as a witness in the pending civil antitrust litigation. This request was sought on the verified application of the attorney general reciting that Girdler's testimony is necessary and material to the pending civil antitrust litigation, that he has refused to testify upon the ground that such testimony would tend to incriminate him and that it is the considered judgment of the attorney general that justice and the public interest require the testimony in question. Based upon this application, the district court ordered that Girdler be and is "granted immunity to prosecution for any crime or public offense concerning which he will be compelled to

give competent and relevant testimony or to produce competent and relevant evidence .... [T]he testimony, documents or evidence which have been given ... shall not be used against him in any trial or proceeding."

Girdler made timely application to this court for permission to appeal from the foregoing order. That application was granted. In challenging the court's authority to issue the immunity order, Girdler advances three primary contentions: (1) The district court is not authorized to grant immunity from prosecution in order to compel testimony in a civil action; (2) the attorney general's verified application was insufficient to support the granting of immunity in the present case; and (3) Girdler's testimony may not be compelled notwithstanding the purported grant of immunity because the breadth of the immunity grant is not sufficient to displace his constitutional privilege against self-incrimination. In addition, Girdler also seeks to challenge on this appeal the authority of the State to compel his attendance in the state of Iowa for the giving of testimony. He also requests that if his testimony is compelled, an appropriate protective order should be granted requiring the taking of his testimony in the state of his domicile. We deal with these issues in the discussion which follows.

I. *Authority of Court to Compel Testimony Under Grant of Immunity in a Civil Action.*

Girdler's first contention on appeal is that the grant of authority contained in Iowa Rule of Criminal Procedure 19(3) with respect to orders of immunity for purposes of compelling testimony is only applicable to criminal prosecutions. He notes that not only was the procedure in the present case invoked for purposes of compelling testimony in a civil action, but, in addition, the attorney general is precluded from maintaining a criminal action on the same facts by virtue of the election of remedies provisions contained in Iowa Code section 553.-15.

The State, in response to the contentions of Girdler, asserts that the language of criminal rule 19(3) does not limit its application to answers sought to be compelled from witnesses in criminal actions. Moreover, the State contends that such limitation does not necessarily follow from the fact that the procedure for granting immunity is set forth as part of the Iowa Rules of Criminal Procedure.

The Iowa Rules of Criminal Procedure seek to "provide procedures applicable to indictable offenses." Iowa R.Crim.P. 1(1). We believe, however, that this circumstance does not necessarily aid Girdler in his challenge to the court's use of rule 19(3) in the present case. This rule is of legislative origin and must be interpreted as any other statute.

■■■ Courts will construe a statute in conformity with its dominating general purpose and will read the text in light of overall context. *State v. Bishop*, 257 Iowa 336, 340, 132 N.W.2d 455, 458 (1965); *Fabricius v. Montgomery Elevator Co.*, 254 Iowa 1319, 1322–23, 121 N.W.2d 361, 364 (1963). The object of statutory interpretation is to discover the true intention of the legislature considering the clearly-stated objects and purposes involved. *Lau v. City of Oelwein*, 336 N.W.2d 202, 203 (Iowa 1983); *Dingman v. City of Council Bluffs*, 249 Iowa 1121, 1127, 90 N.W.2d 742, 746 (1958). The court should, when possible, construe a statute so as to give an intelligent and meaningful purpose to its provisions and in so doing may assume that the legislature realized the need therefor. *In re Klug's Estate*, 251 Iowa 1128, 1132, 104 N.W.2d 600, 603 (1960).

The inclusion of rule 19(3) in the Rules of Criminal Procedure is doubtless explained by the fact that it is ordinarily within a criminal context that the subject of immunity will arise. Even where the testimony sought to be compelled is for use in a civil proceeding, the resulting immunity from criminal prosecution which accompanies the compelled civil testimony has a decidedly criminal application. We believe that such application is an adequate explanation for

placing these rules alongside other rules relating to indictable offenses even though the subject matter involved also affects civil cases.

The underlying policy of the rule is based upon the realization that certain designated representatives of the executive branch of government should be given the authority to obtain immunity through judicial proceedings for recalcitrant witnesses in those instances where it is in the state's best interests so to do. One of the standards which rule 19(3) provides for making this determination is that "justice and the public interest require the testimony, documents or evidence in question." The needs of justice and the public interest are surely not limited to criminal prosecutions nor does the role of the attorney general in seeking to foster the needs of justice and the public interest fall exclusively within the ambit of the criminal law.

■ Upon our balancing of the policy considerations involved, we believe that the interpretation which the State advocates is fully consistent with the policies of the legislation and is in no way precluded by its language. In identifying the type of proceeding to which the compelled testimony must relate, rule 19(3) is broadly worded so as to embrace "any judicial proceeding." We therefore hold that the district court acted within the authority of rule 19(3) with respect to the immunity granted to Theodore Girdler, Jr. in the present proceeding.

Support for the foregoing views is found in *United States v. Cappetto*, 502 F.2d 1351 (7th Cir.1974), *cert. denied*, 420 U.S. 925, 95 S.Ct. 1121, 43 L.Ed.2d 395 (1975) (defendants in civil action properly compelled to answer questions upon grant of immunity); and *Smith v. Superior Court*, 17 Ariz.App. 79, 495 P.2d 519 (1972) (term "judicial proceeding" in immunity statute encompasses every proceeding before a competent court).

II. *Sufficiency of Attorney General's Application in Support of Grant of Immunity.*

Girdler next contends that the State did not sufficiently fulfill the requirements of rule 19(3) to justify the grant of immunity issued by the district court. He contends that an evidentiary record is necessary in view of the language of the rule which provides "any testimony given in support of the application for immunity shall be reported."

■ We do not share Girdler's belief that the quoted language from rule 19(3) indicates that testimony is required in support of the application in all cases. The rule contains a list of requisites which must be verified by the attorney general or county attorney in the application. Certainly where, as here, all of these criteria are set forth in the verified statement by the attorney general, additional evidentiary support on the part of the State is not required in the absence of some challenge to the accuracy of the material contained in the verified application. We conclude that the district court acted properly in granting immunity as a result of the elements contained in the attorney general's verified statement.

III. *Adequacy of Scope of Immunity to Displace Privilege Against Self-Incrimination.*

■ Next, Girdler contends that the scope of immunity which he was granted is not sufficient to displace his constitutional immunity under the fifth amendment to the federal constitution, and, therefore, such grant as has been given him is inadequate to permit the compelling of testimony. In raising this argument, Girdler appears to contend that he has been given only use immunity in the district court's order. We disagree. He has been granted use immunity and transactional immunity by that order. Because derivative use immunity is also constitutionally mandated, we interpret the order to also confer that brand of immunity upon Girdler's testimony. Girdler's grant of immunity not only equals the constitutional privilege which will be displaced by virtue of compelling him to testify, it exceeds it. The constitutional immunity necessary under the fifth amend-

ment in order to justify compelling a witness to answer requires only use and derivative use immunity. *Kastigar v. United States,* 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). As indicated, Girdler was given transactional immunity as well. For these reasons, we find no merit in Girdler's contention that the immunity granted him does not displace his constitutional privilege against self-incrimination.

■ Girdler also contends that the extent of the immunity granted to him is inadequate because it leaves him subject to criminal prosecution on the transactions to which he testifies in other states or in the federal courts. We disagree. Although neither the legislature nor the courts of this state have the power to grant Girdler extraterritorial transactional immunity from prosecutions by sister states or federal authorities, the fifth amendment to the federal constitution will provide him with use and derivative use immunity with respect to any testimony compelled under the conditions established in rule 19(3). *Murphy v. Waterfront Commission,* 378 U.S. 52, 79, 84 S.Ct. 1594, 1609-10, 12 L.Ed.2d 678, 695 (1964). This is sufficient to satisfy the constitutional requirements upon which such grants of immunity must depend.

IV. *Authority to Compel Attendance of Nonresident Witness for Testimony in Civil Action.*

■ Finally, we consider Girdler's claims that the state of Iowa has no constitutional authority to compel his attendance for the taking of a deposition in this state under the provisions of Iowa Rules of Civil Procedure 147(c) and (d). This contention and his companion claim that he is entitled to a protective order providing that his deposition may only be taken in the state of his domicile are not proper matters for consideration in an appeal from the order granting immunity. These claims must be presented to the district court by appropriate filings in the underlying civil antitrust litigation and first considered by the court responsible for the proceedings with respect thereto. As a result, we have no issue in the present case which permits our consideration of those claims.

We have considered all issues presented and find no basis for disturbing the order from which this appeal has been taken.

AFFIRMED.

All Justices concur except SCHULTZ, J., who concurs specially.

SCHULTZ, Justice (concurring specially).

I agree with the result in this case because it involves an action for a civil penalty in lieu of a criminal prosecution. I would not agree that the attorney general has unlimited authority to grant immunity to witnesses in all civil cases. I would confine this authority to criminal cases and to those civil cases of an enforcement nature seeking payment of a civil penalty, like Iowa Code section 553.13. The State is involved in a multitude of actions that are far afield from the State's duty to protect the public from criminal violators. I do not believe the legislature ever intended the State to grant immunity in these cases, and I see no cogent reason that justifies giving the State tools which are unavailable to other litigants.