## H & Z VENDING, Appellant,

v.

## IOWA DEPARTMENT OF INSPECTIONS & APPEALS, Appellee.

### No. 93–272.

Supreme Court of Iowa.

Jan. 19, 1994.

Lawrence L. Marcucci and Ann M. Ver Heul of Shearer, Templer, Pingel & Kaplan, P.C., West Des Moines, for appellant.

Bonnie J. Campbell, Atty. Gen., and Jeff Farrell and Grant K. Dugdale, Asst. Attys. Gen., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, NEUMAN and ANDREASEN, JJ.

CARTER, Justice.

Petitioner, H & Z Vending, appeals from a judgment of the district court upholding a determination of the Iowa Department of Inspections and Appeals that petitioner's electronic amusement devices are unlawful gambling devices under Iowa Code section 725.9 (1991). Upon reviewing the record and considering the arguments presented, we reverse the judgment of the district court.

Petitioner is a proprietorship located in Nebraska. It designed and developed an electronic amusement device called "Iowa Fruits and Bells." In March 1992, petitioner wrote to the Department of Inspections and Appeals with a description of the Iowa Fruits and Bells device. Based on that description, the department responded by letter that the device qualified as an electrical amusement device embraced within the provisions of Iowa Code section 99B.10 (1991) and the definition contained in Iowa Code section 99B.1(2) (1991). Without departing from its earlier determination, the agency later ruled that, notwithstanding the language of section 99B.10 providing that "[i]t is lawful to own, possess, and offer for use by any person at any location an electrical or mechanical amusement device [complying with subparagraphs (1), (2), and (3) of that section]," the devices were prohibited gambling devices un-

der the definition contained in Iowa Code section 725.9.

The issue presented is whether a device that meets the requirements of section 99B.10 can nonetheless be an unlawful gambling device under section 725.9. On the facts of the present case, we do not believe that it can. Consequently, we conclude that the interpretation of the controlling statutes employed by the agency and the district court was erroneous.

■ There is no dispute that the device in question fully complies with the restrictions contained in subparagraphs (1), (2), and (3) of section 99B.10. Nor is there any dispute concerning whether the device falls within the definition of section 99B.1(2). Courts will construe a statute in conformity with its dominating general purpose and will read the text in light of overall context. *In re Girdler*, 357 N.W.2d 595, 597 (Iowa 1984); *State v. Bishop*, 257 Iowa 336, 340, 132 N.W.2d 455, 458 (1965). The plain meaning of the language of section 99B.10 is that devices that qualify thereunder may be lawfully owned, possessed, and offered for use.

■ The object of statutory interpretation is to discover the true intention of the legislature considering the clearly stated objects and purposes involved. *Id.; Lau v. City of Oelwein*, 336 N.W.2d 202, 203 (Iowa 1983). The language of the definitional section for "amusement device" under section 99B.1(2) expressly provides that a device falling within that definition "is not a gambling device." We believe the reason for enacting these statutes was to establish that certain devices that might otherwise be deemed to be gambling devices under section 725.9 would not be so classified if they satisfied the requirements of section 99B.10.

■ In rejecting the agency's position, we have not overlooked its claim that the device in question, although not designed to return money to successful players, resembles a slot machine in appearance. The agency has argued that, because the term "slot machine" is expressly designated in section 725.9, a device that carries the physical appearance of a slot machine should be deemed to be prohibited irrespective of the proviso in section 99B.10. The problem with this argument is that pinball machines are also expressly named in section 725.9, and the agency concedes that if pinball machines meet the conditions of section 99B.10 they may be lawfully owned, possessed, and offered for use. We believe the correct interpretation of section 725.9 as it applies to devices specifically designated therein is that such devices are prohibited only if they are used or adapted or designed to be used for gambling.

For all of the reasons stated, we conclude that the judgment of the district court and the declaratory ruling of the agency must be reversed.

**REVERSED.**