**STATE, Plaintiff-Appellee, v. WEAVER, Defendant-Appellant.**

Ohio Appeals, Second District, Madison County.

No. 197. Decided March 22, 1956.

William S. Culp, West Jefferson, for plaintiff-appellee.
Vradelis & McCray, Dayton, for defendant-appellant.

(DEEDS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By DEEDS, J.

This appeal is from a judgment of the Court of Common Pleas, Madison County, affirming the judgment and imposition of a fine against the defendant-appellant in the Mayor's Court of the Village of Jefferson in Madison County.

The facts pertinent to a consideration of this appeal appear in the narrative bill of exceptions filed in the Court of Common Pleas and contained in the record filed in this court as follows:

"That defendant was arrested while driving the trailer-truck of his employer, Foreman Bros. Supply Co., of Dayton, Ohio, and charged with violating the weight provisions of §§7246-7250, inclusive, GC; that defendant's employer had obtained a special permit from the Ohio Director of Highways to carry additional weight but that upon weighing said vehicle at a weigh-station, it was found to be carrying weight in excess of that authorized by the special permit; that the Mayor's Court of the Village of Jefferson, Ohio, in determining and assessing the fine to be imposed, found the overload to be 27,900 pounds and computed the fine under §7205-1 GC; and that in computing the fine, the Mayor's Court did not take into consideration the additional weight authorized by the special permit but treated it as a nullity.

"BE IT ALSO REMEMBERED, that at said hearing on appeal before the Common Pleas Court of Madison County, Ohio, counsel for defendant urged that the Mayor's Court erred in failing to consider the special permit in computing the fine; that the court failed to properly interpret the law with respect to the authority conferred upon the Director of Highways by §6307-106 GC; and that the court erred in fining defendant under §7250-1 GC, rather than §6307-107 GC. That counsel for plaintiff urged that the special permit was a mere license, revocable upon any violation thereof, and becoming a nullity thereafter for the purpose of computing a fine; that the Mayor's Court properly interpreted §6307-106 GC, and that the §7250-1 GC, was the proper penalty section under which violators of §6307-106 GC, should be fined and that the statute was properly applied."

The law of the State providing for the issuance of special permits by the Director of Highways authorizing the operation of vehicles exceeding the maximum weights as provided in §§7246 to 7250, inclusive, GC, being §6397-106 GC, omitting the portion thereof not relevant here, is as follows:

"(a) The director with respect to highways under his jurisdiction and local authorities with respect to highways under their jurisdiction may,

in his or their discretion, upon application in writing and good cause being shown therefor, issue a special permit in writing authorizing the applicant to operate or move a vehicle or combination of vehicles of a size or weight of vehicle or load exceeding the maximum specified in §§7246 to 7250, inclusive, GC, or otherwise not in conformity with the provisions of this act upon any highway under the jurisdiction of the authority granting such permit and for the maintenance of which such authority is responsible. Any such permit may be issued for a single or round trip or in special instances for a certain period of time.

"(b) The application for any such permit shall be in such form as the director or local authority may prescribe.

"(c) The director or local authority is authorized to issue or withhold such permit at its discretion; or, if such permit is issued, to limit or prescribe conditions of operation of such vehicle or vehicles, and may require such bond or other security as may be demed necessary to compensate for any damage to any roadway or road structure."

The application for the special hauling permit executed by the employer of the defendant and pursuant to which the permit involved in this cause was issued, contained express conditions as follows:

"14. Non-compliance with the general or special provisions of a permit, exceeding the weights or dimensions granted, or operating on dates or upon highways other than assigned shall render the permit null and void and the operator of the vehicle subject to arrest, as provided in §§7246 to 7250-1, inclusive, GC."

The penalty, consisting of a fine in the amount of $866.50 was computed and assessed in accord with the mandatory provisions of §7250-1 GC.

It is contended by the defendant that the Director of Highways had not authority for including the limitation or condition to the effect that in the event of a violation of its terms and requirements by the holder, the permit should be rendered null and void and that therefore the defendant was subject to the penalty as provided in §6307-107 GC, instead of §7250-1 GC, as determined by the Mayor's Court. Sec. 6307-107 GC, provided as follows:

"Violation a misdemeanor; exception; penalty.

"(a) It is a misdemeanor for any person to violate any of the provisions of this act unless such violation is by this act or other law of this state declared to be a felony.

"(b) Every person convicted or found guilty of a misdemeanor for a violation of any of the provisions of this act for which another penalty is not provided shall, for a first offense thereof, be fined not more than $50.00; and for a second offense within one year thereafter, not less than $10.00 nor more than $100.00, or imprisoned in the county jail or workhouse not more than ten days, or both; and for a third or subsequent offense within one year after the first offense shall be fined not less than $25.00 nor more than $200.00 or imprisoned in the county jail or workhouse not more than thirty days, or both, provided, further, that when any person is found guilty of a first offense for a violation of Section 21 (§6307-21 GC), of this act upon a finding that he operated a motor

vehicle faster than thirty-five miles an hour in the business districts of a municipal corporation or faster than fifty miles an hour in other portions, or faster than thirty-five miles an hour while passing through a school zone during recess or while children are going to or leaving school during the opening or closing hours, the court may, in addition to the penalty herein provided, sentence such offender to the county jail or workhouse for not more than five days."

It is our view that the foregoing section was not intended to apply to violations of the provision regulating the issuance of special hauling permits, at least under the circumstances as shown to exist in the record before us, but that such cases involving overweight loads are subject to §7250-1 GC, as determined by the Mayor's Court and the Court of Common Pleas.

The special permit authorized by law to be issued in the discretion of the Director of Highways was designed to protect 'the defendant as a holder of same, providing the conditions assented to were complied with, otherwise the defendant would be amenable and subject to the penalties as specifically prescribed by the legislature for hauling a load in violation of the requirements of the law.

The Supreme Court has stated the distinction between a right or franchise and a mere license or permit in the opinion of the court in the case of **Kellogg v. Cincinnati Traction Co., et al., 80 Oh St 348:**

"When a franchise is granted, without limit as to time, and invested with the elements of a contract, it is usual for the grant to be made by the state, subject to the approval of the municipality, and when the question is as to the power of the city to make such a grant, it should be held not to exist unless expressly given or necessarily implied, but when the use is not in the nature of a franchise but is a use that is recognized as permissible by an abutter, the city may authorize it by a permit or a license, under the general power given it of care, supervision and control. Such a permit or license is a mere regulation of the use; it contains none of the elements of a contract, and is revocable at the pleasure of the city. It is so held respecting a permit to an abutter to occupy a street with building materials, to be used in a building on the abutting lot in the **City of Columbus v. Penrod, 73 Oh St 209."**

The Supreme Court reiterated the principle applicable here in the later case of **State, ex rel. The Interstate Vaccine Co. v. Board of Agriculture of Ohio, et al., 98 Oh St 469,** as follows:

"1st. That Order No. 4 of the Board of Agriculture of Ohio, to regulate the sale and distribution of hog cholera virus in Ohio, is a valid exercise of the police power conferred upon the Board of Agriculture by §1108 GC.'

"2nd. That the relator having applied for and received a permit under the terms and conditions of Order No. 4, cannot now complain of the revocation of that permit under the terms and conditions written in the order."

Therefore, the judgment of the Court of Common Pleas is affirmed and remanded for execution.

MILLER, PJ, HORNBECK, J, concur.