WIGGINTON, Chief Judge.
Appellant, who was plaintiff in the trial court, seeks review of a final decree dismissing his complaint by which he sought an injunction to restrain collection of a monetary penalty assessed against him pursuant to the provisions of F.S. Section 317.801, F.S.A.[1]
As permitted by F.S. Section 317.811, F.S.A., appellant applied for and was issued a permit to operate his overweight self-propelled mobile crane in a specified area of the state at any time except on Saturdays, Sundays, and holidays. Such a permit was necessary in view of the provision of the statute which prohibits the operation on the public highways within the state of vehicles of the size and weight of the crane owned by plaintiff.[2]
Plaintiff operated his crane upon the public highways on a holiday in violation of the .terms of his permit, as a consequence of which a civil penalty was assessed against him in accordance with the provisions of *909 Section 317.801, supra. It is the collection of this penalty which appellant seeks to have enjoined by this proceeding[1].
Appellant contends that Section 317.801, and the penalties provided thereby, is applicable only to a vehicle which, because of an overload of either persons or cargo, attains a gross weight in excess of the maximum allowed by the statute.[3] He urges that this provision has no applicability to a vehicle which is inherently overweight due to its size and construction such as the crane owned by him, and that the only penalty to which he may be lawfully subjected is the criminal penalty provided by Section 317.701.[4] The rationale of appellant’s contention appears to be that one who operates an overloaded vehicle upon the highways of the state may be subjected to both the civil and criminal penalties provided by the statute, but if he operates an unloaded but overweight vehicle having a comparable gross weight, he is subject only to criminal penalties.
We are unable .to agree with the construction placed by appellant upon the foregoing statutory provisions. When he operated his overweight crane on the state highways in violation of the restrictions contained in his permit, he was in violation of the law and subject to its penalties to the same extent as if no permit had ever been issued to him. Because of such violation, he was subject not only to the imposition of the civil penalties provided in Section 317.801 of the statute, but also to the criminal penalties provided in Section 317.701. The chancellor was correct in denying the injunctive relief sought, so the decree appealed is accordingly affirmed.
CARROLL, DONALD K., and JOHNSON, JJ., concur.

. F.S. § 317.801, F.S.A.
“Weight and load unlawful; inspection; penalty; review—
“(1) Any officer or agent of the motor vehicle department, state department of public safety or the Florida railroad and public service commission, having reason to believe that the weight of a vehicle and load is unlawful is authorized to require the driver to stop and submit to a weighing of the same either by means of portable or stationary scales and may require that such vehicle be driven to the nearest public scales, provided such public scales are within two miles.
# ij: * * #
“(3) Any person who violates' the overloading provisions of this chapter shall be conclusively presumed to have damaged the highways of this state by reason of such overloading, which damage is hereby fixed as follows:
“(a) When the excess weight is one hundred pounds or less than the maximum herein provided the penalty shall be $5.00;
“(b) Five cents per pound for each pound of weight in excess of the maximum herein provided when the excess weight exceeds one hundred pounds; provided, however, that whenever the gross weight of the vehicle or combination of vehicles does not exceed the maximum allowable gross weight, the maximum fine for the first one thousand pounds of unlawful axle weight shall be ten dollars.”

. F.S. § 317.771, F.S.A.
“Maximum weights * * * Except as hereinafter provided, no vehicle or combination of vehicles exceeding the gross weights specified above shall be permitted to travel on the public highways within the state.”

. F.S. § 317.771, F.S.A.

. F.S. § 317.701, F.S.A., Penalties.
“ (1) It is a misdemeanor for any person to violate any of the provisions of this chapter, unless such violation is by this chapter or other law of this state declared to be a felony.
“(2) Every person convicted of a misdemeanor for a violation of any of the provisions of this chapter, for which another penalty is not provided, shall for first conviction thereof be punished by a fine of not more than $100.00 or by imprisonment for not more than 10 days; for a second such conviction within one year thereafter such person shall be punished by a fine of not more than $200.00 or by imprisonment for not more than 20 days or by both such fine and imprisonment; upon a third or subsequent conviction within one year after the first conviction such person shall be punished by a fine of not more than $500.00 or by imprisonment for not more than 6 months, or by both such fine and imprisonment.”