**STATE of Iowa, Appellee,**

v.

**Craig L. SCOVILL, Appellant.**

**No. 56164.**

Supreme Court of Iowa.

Dec. 18, 1974.

Carl D. Baker, Marshalltown, for appellant.

Richard C. Turner, Atty. Gen., Thomas Mann, Jr., Asst. Atty. Gen., and Ronald M. Kayser, County Atty., for appellee.

Heard by MOORE, C. J., and RAWLINGS, LeGRAND, REES and HARRIS, JJ.

MOORE, Chief Justice.

Upon trial defendant, Craig L. Scovill, was found guilty of delivery of Schedule II and IV controlled substances (methamphetamines and phenobarbital) contrary to what are now sections 204.401(1b) and (1c) of the 1973 Code. He was sentenced to serve a term not to exceed five years at the men's reformatory and fined $100. He has appealed. We affirm.

The trial evidence as disclosed by the record is substantially as follows. During the afternoon of July 12, 1972 Homer Ray Burris, with a day off from his railway company employment, stopped at the Marshalltown Lion's Den tavern for a beer. While visiting there Marvin Cornelius asked Burris if he would like to purchase some drugs. Burris expressed an interest and stated he knew others who would also be interested. Marvin's son, Doug, then took over the conversation as Marvin was about inebriated. Doug after additional conversation went out to his car and returned with four doctor's sample packets of drugs and sold them to Burris for $10. Defendant although aware of the sale did not participate therein.

Upon leaving the tavern Burris telephoned the Marshall County Attorney and told him of the sale. Burris had acted previously as an informer. He did so voluntarily without employment or pay as such. The county attorney immediately arranged for Burris to meet two special agents of the Iowa Division of Narcotics and Drug Enforcement. They had not previously known Burris. The three met near the courthouse and went to the tavern where Burris introduced the two men, under their assumed names, to Marvin and Doug Cornelius when all were seated at a booth. Defendant then brought over a chair and sat down at the end of the booth. As prearranged Burris left the tavern. After considerable discussion the two agents followed defendant and Doug Cornelius to Cornelius' apartment. One of the agents entered the apartment with defendant and Cornelius. Once inside, defendant helped Cornelius remove several bottles of drugs from an attic. Thereafter the other agent entered the apartment. After examining the drugs they were purchased by the two men for $135. The money was given to Cornelius who later that evening gave defendant $20. Defendant was prosecuted and sentenced for his part in the apartment drug sale.

I. After an expression of doubt and over the State's objection, the trial court in instruction 9 submitted defendant's defense of entrapment. It submitted to the jury the question of entrapment by the two State agents. Defendant's only objection

to instruction 9 was directed to the court's failure to make it also applicable to Burris, the informer.

Defendant's first assignment states: "Where entrapment by an informant is relied upon as a defense it is the duty of the court to instruct upon the issue of entrapment as concerns an informant and to not so instruct is error."

The State while not disagreeing with defendant's general statement of the legal principles involved, contends here, as it did in the trial court, the evidence was insufficient to include Burris as an agent of the officers or a participant in the alleged entrapment.

The issue thus presented is virtually identical to one resolved in State v. Lamar, Iowa, 210 N.W.2d 600, where Lamar sought unsuccessfully to include in an entrapment instruction a reference to "agents" of law enforcement officers.

In Lamar, pages 605, 606, we say:

"It is axiomatic a jury must be instructed on the law applicable to facts supported by the evidence and shall be so instructed if evidence is admitted which supports some involved issue. See State v. McConnell, 178 N.W.2d 386, 389–390 (Iowa 1970).

"But the above noted standard comes into play only where relevant evidence is produced which would make apparent the materiality of the law claimed applicable thereto. See State v. Armstrong, 203 N.W.2d 269, 274 (Iowa 1972); State v. Davis, 175 N.W.2d 407, 410–411 (Iowa 1970); 23A C.J.S. Criminal Law § 1313.

"This means, a trial court is not required to instruct the jury on any issue which finds no evidentiary support in the record."

By review of the entire record we agree with the trial court's conclusion that defendant failed to produce sufficient evidence to establish a jury question on defendant's theory of entrapment by the use of the informer, Burris. Defendant's first assignment of error is untenable.

II. Defendant's second assigned error asserts: "The mandatory prison sentence required by section 204.401, subsection two (2) of the Code unconstitutionally denied Appellant effective hearing at sentencing and creates an unreasonable and arbitrary distinction between criminal offenses."

As we understand his argument he contends the mandatory imprisonment provision of the statute denies effective assistance of counsel at a critical stage of the proceedings in that the statute prohibits consideration of factors regarding possible probation which a trial court is to consider for all offenses except the crimes of treason, murder and the statute here involved. He further argues he was thus denied equal protection of the law.

Defendant's brief fails to cite authority which supports his second assigned error. We are under no compulsion to review any assignment of error when the complaining party cites no authority in support of his argument. The assignment is deemed waived. State v. Mattingly, Iowa, 220 N.W.2d 865, 871, and citations.

The judgment of the trial court is affirmed.

Affirmed.