STATE of Iowa, Appellee,

v.

Eugene Edward GLENN, Appellant.

No. 57505.

Supreme Court of Iowa.

Oct. 15, 1975.

Morr & Shelton, Chariton, for appellant.

Richard C. Turner, Atty. Gen., Nancy J. Shimanek, Asst. Atty. Gen., John W. Birdwell, County Atty., for appellee.

Heard by MOORE, C. J., and MASON, RAWLINGS, LeGRAND and McCORMICK, JJ.

RAWLINGS, Justice.

Appeal by defendant from judgment on jury verdict finding him guilty of operating a combination of vehicles with gross weight exceeding legal limitations, in violation of The Code 1971, Section 321.463. We affirm.

Defendant (Glenn) was an employee of the Hulcher Emergency Railroad Service (Hulcher). Hulcher's business was to "clean up" railroad derailment sites. The equipment used included a "type 583 Caterpillar tractor" with an attached crane. Glenn transported the above described apparatus from one site to another by a truck and trailer.

The combination truck-trailer had six axles thus arranged: # 1 was the single steering axle located at the front of the truck; # 2 and # 3 were the rear axles of the truck, located together beneath the tongue of the trailer attachment; # 4, # 5 and # 6 were triple axles located in a cluster at the rear of the trailer.

June 15, 1972, a special highway commission permit was granted for movement of the overweight sideboom tractor from Russell, Iowa to Lineville, Iowa. This permit was necessary because the load exceeded width and weight regulations for movement on Iowa highways. See Code §§ 321.453, 321E.1. It allowed defendant maximum weights of 36,000 and 54,000 pounds on the "tandem" and "triple" axles, respectively.

The aforesaid permit specifically provided it was voidable "for any violation of a term, condition, provision or limitation of the permit", and "shall be void in case the weights or dimensions of the vehicle and load as operated" exceed any of those designated.

While defendant was engaged in transporting the sideboom tractor from Russell to Lineville, the loaded vehicle was weighed at an Iowa Highway Commission station. Weight of the load on axles 2 through 6, inclusive, was 88,500 pounds, thus within the 90,000 pound limitation for five axles imposed by § 321.463. But the trailer load was so improperly distributed that 39,400 pounds were concentrated on axles 2 and 3. This was clearly in excess of the aforesaid "tandem axle" permit maximum. The weighing officers also determined the center-to-center distance from axles 2 to 6 was approximately 38 feet. And in this regard § 321.463 says a 38 foot vehicle may weigh 63,436 pounds without a special permit. Since defendant's loaded vehicle weighed 88,500 pounds the permit restriction was exceeded.

By virtue of foregoing the State, proceeding as though no special permit had issued, charged defendant with a 25,064 pound overage.

Defendant mounts a diffuse assault on his aforesaid conviction, often raising the same or similar issues in overlapping contexts.

Eight frontal attacks are thus made. As best determinable they are reducible to these general subjects: (1) infirmities in the county attorney's information; (2) constitutionality of the per se permit voidance; (3) admission of evidence as to the meaning of "tandem axle"; (4) submission of the case to a jury; (5) giving of several jury instructions; and (6) overruling defendant's multiple post-trial motions.

These matters will be dealt with in the order presented.

I. February 2, 1973, the Wayne County Attorney filed an information charging defendant had operated "a combination of vehicles * * * with a gross weight on axles 2 to 6, 25,064 pounds in excess of legal limitations, contrary to sec. 321.463, Code of Iowa".

March 11, 1974, after the jury had been sworn and empaneled, but prior to introduction of any evidence, defendant filed what is designated a "motion for directed verdict or to enter a judgment of acquittal". In support thereof, he invoked several statutory and constitutional provisions. The former are now entertained, the latter will be later considered.

The essence of defendant's first argument can be thus summarized: The information shows he was operating a combination of vehicles under a permit issued pursuant to Code § 321E.1, which statute then provided in part:

"The state highway commission and local authorities may in their discretion and upon application and with good cause being shown therefor issue permits for the movement of vehicles with indivisible loads carried thereon which exceed the maximum dimensions and weights specified in sections 321.452 through 321.466, but not to exceed the limitations imposed in sections 321E.1 through 321E.15. Permits so issued may be single-trip permits or annual permits."

As previously noted, the information charged a violation of § 321.463. But defendant argues, in essence, he was accorded an exemption by § 321.453. In relevant part the latter enactment says: "The provisions of this chapter governing size, weight, and load shall not apply to * * * a vehicle operating under the terms of a special permit issued as provided in chapter 321E".

Upon this statutory premise, Glenn takes the position § 321.463 is inapplicable, and "the substance of the charge would have to be under 321E". Presumably, defendant thought he should have been charged, if at all, under § 321E.16, which then stated:

"Proof of violation of any provision of any permit issued under this chapter shall render the entire permit null and void, and shall be punishable in accordance with * * * sections 321.482 and 321.-463 for violation of weight limitations.[1]

■■■ At the outset, defendant failed to preserve his claimed statute-related error for review. Section 777.3 says, in essence, objections to an indictment relating to matters of substance and form which might be raised by demurrer are deemed waived if not so raised before the jury is sworn. Objections to a county attorney's information are subject to the same rule. See *State v. Grady*, 231 N.W.2d 869 (Iowa 1975); *State v. Grindle*, 215 N.W.2d 268, 269–270 (Iowa 1974); *State v. Williams*, 193 N.W.2d 529, 530 (Iowa 1972); Code § 769.13. See also *State v. Medina*, 165 N.W.2d 777, 779 (Iowa 1969). Since the jury had been sworn and

---

1. As rewritten by the General Assembly in 1974, § 321E.16 now reads, insofar as relevant to this appeal: "The fine for violation of the * * * weight allowed by permit shall be based upon the difference between the actual * * * weight of the vehicle and load and the maximum allowable by permit and in accordance with * * * sections 321.482 and 321.463 for violation of weight limitations."

empaneled when defendant first voiced objection to the information, any challenge as to substance or form thereof was waived.

Furthermore, defendant's renewal of said motions after the State had rested and again at close of all evidence does not aid his cause. In any event, a reading of the statutory enactments here involved amply demonstrates fatal flaws in defendant's claim.

Section 321.463, under which defendant was charged, is unquestionably a penal statute. See *State v. Ricke*, 160 N.W.2d 499, 500 (Iowa 1968); *State v. Balsley*, 242 Iowa 845, 852, 48 N.W.2d 287, 291 (1951). Therefore, unless § 321.453 so governs as to take the case beyond the purview of § 321.463, a prosecution under the latter section would be proper. We conclude the exemption statute, § 321.453, is not here controlling. Since this enactment establishes exceptions to motor vehicle load limitations specified in § 321.463, it is an exemption statute to be strictly construed against one claiming any benefit thereunder. See *State v. Ricke*, 160 N.W.2d at 500. See also *State v. McDonald*, 197 N.W.2d 573, 574 (Iowa 1972). Defendant failed to show he "comes fairly within the exception". See *State v. Ricke, supra*. In addition, by its very wording, § 321.453 exempts only those vehicles "operating *under the terms* of a special permit issued as provided in chapter 321E". (emphasis supplied). The short answer to defendant's instant contention is that his truck-trailer combination was *not* operating within the express terms of his permit, i. e., it was 3400 pounds overweight on the tandem axle.

The same general argument advanced by defendant was considered and rejected in *State v. Weaver*, 79 Ohio L.Abst. 258, 144 N.E.2d 300 (App.1956). In that case the defendant was found to have operated a truck with a weight which exceeded a special permit allowance and correlatively fined as though no permit had issued.

There, as here, the permit stated it was void if actual weight exceeded the maximum allowed by the permit. In affirming a conviction, the court said, 144 N.E.2d at 302:

> "The special permit * * * was designed to protect the defendant as a holder of same, providing the conditions assented to were complied with, otherwise the defendant would be amenable and subject to the penalties as specifically prescribed by the legislature for hauling a load in violation of the requirements of the law."

See also *Mangham v. Bowen*, 204 So.2d 907 (Fla.App.1967); *People v. Kueper*, 111 Ill. App.2d 42, 249 N.E.2d 335 (1969); *People v. Freehill*, 129 Ill.App.2d 234, 262 N.E.2d 604 (1970); Annot., 45 A.L.R.3d 503, 554–556.

Briefly stated, the instantly involved special permit was issued for defendant's use and protection subject to compliance with the terms thereof. Otherwise, it was automatically voided, thus making defendant amenable to the penalty prescribed by law for overweight vehicles as though no special permit had issued. Glenn's contentions to the contrary are untenable.

II. Defendant's second challenge as to sufficiency of the information focuses upon absence in the appended minutes of testimony giving express notice regarding proposed evidence as to the longitudinal distance between axles 2 and 6, and nullification by violation of the special permit. As best determinable, he contends the offense charged is grounded upon a violation of his special permit and that a violation of § 321.-463 arises from distance between axles *and* total weights thereon. Claiming a failure of such information-related notice in each respect, he argues the State failed to establish a prima facie case.

This argument is patently without merit. Insofar as these objections attack the substance and form of the information, they were not timely voiced and therefore, as demonstrated *supra*, are deemed waived.

Moreover, as propositions of law, they are simply incorrect.

■ At the threshold this court aptly declared in *State v. Bell*, 223 N.W.2d 181, 183 (Iowa 1974): "[W]e have never strictly limited the testimony of witnesses to the contents of the minutes". See also *State v. Miller*, 229 N.W.2d 762, 770 (Iowa 1975); *State v. Lanphear*, 220 N.W.2d 618, 621 (Iowa 1974) [" 'A witness whose name is endorsed on the indictment (or information), and minutes of whose testimony are filed, is not limited to those minutes in his actual testimony * * *.' " See also *State v. Maxwell*, 222 N.W.2d 432, 433–434 (Iowa 1974); *State v. Peterson*, 219 N.W.2d 665, 673–674 (Iowa 1974); Code § 769.4.

We further reject defendant's claim to the effect he had no pretrial notice of such testimony. His motion in limine belies this contention. Even more compelling is this language in § 321.463:

"No group of axles of any vehicle, or any combination of vehicles, shall carry a load in pounds in excess of the value given in the following table *corresponding to the distance in feet between the extreme axles of the group* measured longitudinally to the nearest foot or fraction thereof: * * *." (emphasis supplied).

■ For the violation here charged proof of the longitudinal distance between axles 2 and 6 was plainly required. Reference in the information to § 321.463 was sufficient to so notify defendant. This means the information comports with statutory requirements. See *State v. Davis*, 196 N.W.2d 885, 891–892 (Iowa 1972); Code §§ 773.4, 773.5.

■ Turning now to the contention defendant had no notice regarding voidance of the permit, we quote the fifth "General Provision" on the reverse side thereof: "Permit and any supplements or additions thereto *shall be void* in case the weights or dimensions of the vehicle and load as operated exceed the weights or dimensions as provided in the permit and supplements or additions thereto". (emphasis supplied).

The above discussed assignment is devoid of substance.

■ III. Defendant also raises numerous due process issues but cites no authority in support thereof. They are therefore entitled to no recognition. See *Fosselman v. Waterloo Comm. Sch. Dist., Etc.*, 229 N.W.2d 280, 285 (Iowa 1975); *State v. Scovill*, 224 N.W.2d 221, 223 (Iowa 1974); *State v. Mattingly*, 220 N.W.2d 865, 871 (Iowa 1974).

Furthermore, this court dispositively held in *State v. Ritchison*, 223 N.W.2d 207, 214 (Iowa 1974):

"We believe a better rule would be that in order to preserve for review any alleged error in ruling on the constitutionality of a statute, the party challenging the statute must do so at the earliest available opportunity in the progress of the case."

See also *State v. Maestas*, 224 N.W.2d 248, 250 (Iowa 1974); *State v. Boer*, 224 N.W.2d 217, 218 (Iowa 1974).

■ In the case at hand, ample opportunity was afforded defendant to assert his stated constitutional attacks between filing of the information (February 2, 1973) and commencement of trial (March 11, 1974). It therefore follows, Glenn waived all challenges as to sufficiency of the information by failing to properly demur or timely launch his constitutional assaults below.

Defendant's second assignment affords him no basis for a reversal.

■ IV. As heretofore indicated, defendant asserts trial court erroneously admitted evidence as to what was meant by the term "tandem axle". The meaning thereof was necessary at trial to show axles 2 and 3 were, in fact, governed by the "36,000 tandem" weight restriction on the face of the permit. At time of trial, "tan-

dem axle" had not been statutorily defined.[2]

State's witness Warren Wolfe testified he was employed by the Iowa Highway Commission to check truck weights, dimensions and registrations. In course of direct examination by the prosecutor, the following colloquy occurred:

"Q. (By Mr. Birdwell): Now, when you refer to a tandem, can you give the Jurors some idea of what you mean?

"MR. MORR: We are going to object to that as it calls for an opinion and conclusion on the part of the witness, and under the information as drafted, a legal conclusion.

"THE COURT: Overruled.

"MR. BIRDWELL: Would you answer the question now?

"THE WITNESS: A tandem axle is any—is two or more axles, I guess you would use the term together."

It is at once apparent defendant's aforesaid objection is without merit. As to the first ground of the stated objection (opinion and conclusion) we said in *Oehlert v. Kramer,* 205 N.W.2d 723, 726 (Iowa 1973):

"The objection was general rather than specific in nature. We adhere to the view expressed in *Bengford v. Carlem Corporation,* 156 N.W.2d 855, 865 (Iowa 1968).

" 'The objection to the question "as calling for an opinion and conclusion of the witness" is essentially worthless standing alone as it fails to call the attention of the trial court to any specific ground for objection. Opinion and conclusion evidence is not inadmissible solely on that ground. Some specific reason for its exclusion must be stated. It is the duty of counsel to point out the particular defect or defects * * *.' "

Therefore, the "opinion and conclusion" objection presents nothing for review. See *State v. Johnson,* 224 N.W.2d 617, 622 (Iowa 1974); *In re Marriage of Boyd,* 200 N.W.2d 845, 850 (Iowa 1972).

Consequently, defendant's "legal conclusion" objection must be deemed the sole basis of his assigned error. But this constitutes no ground for a reversal.

The question put to Wolfe went only to what *he* meant by prior use of the term "tandem" in describing the vehicle weighing process. It therefore follows the controverted question went to a matter of fact, not a legal conclusion.

In any event, inquiry may always be made as to what a witness meant by previous testimonial use of a term, such as that here involved, in order to clarify or impugn his or her testimony.

Parenthetically noted is defendant's reliance on *State v. Warren,* 216 N.W.2d 326 (Iowa 1974) for the proposition that the term "tandem axle" is impermissibly vague. Proceeding upon the assumption he is attempting to controvert the subject terminology for vagueness, as in *Warren, supra,* we need make only this observation. No such challenge on *constitutional grounds* was voiced below. Therefore, said issue, being first here raised in defendant's brief, is deemed waived. See *State v. Greene,* 226 N.W.2d 829, 832–833 (Iowa 1975).

The matters above considered afford Glenn no basis for appellate relief.

V. Defendant further maintains five jury instructions given were prejudicially erroneous.

Instructions 1, 7(2) and 7(4) are assailed on related grounds. No. 1 merely repeats allegations of the information, advising the jury as to the nature of the offense charged. In this regard, defendant's argu-

---

**2.** Section 321.1(70), The Code 1975, now provides: " '*Tandem axle*' means any two or more consecutive axles whose centers are more than forty inches but not more than eighty-four inches apart". This definition was added by the Sixty-Fifth General Assembly, Chapter 207, Section 1.

ment is again based on the theory he should have been charged, if at all, under § 321E.16 instead of 321.463. This matter has, however, been heretofore resolved adverse to defendant.

By instruction 7(2) the jury was told the State must prove, beyond a reasonable doubt, the distance between axles 2 and 6 was 38 feet to the nearest foot. By virtue of our conclusion, *supra,* to the effect the information was sufficient to put defendant on notice regarding axle to axle longitudinal distance testimony, the objection to instruction 7(2) is devoid of merit.

By instruction 7(4) the jury was told, in effect, the State must prove, beyond a reasonable doubt, the special permit did not allow more than 36,000 pounds on axles 2 and 3. Here again defendant argues the instruction deals with the wrong offense and presupposes a finding that axles 2 and 3 constitute "tandem axles". For reasons heretofore stated, this argument is fallacious.

 Instructions 7(3) and 8 present a different question. Viewed collectively, the jury was thereby told the State must prove, beyond a reasonable doubt, the weight on axles 2 and 3 was 39,400 pounds. Defendant apparently again claims, inter alia, the jury was thereby permitted to determine guilt or innocence as to an offense not charged in the information. In any event, the attack made upon these instructions is so enigmatic as to preclude any meaningful consideration thereof. Briefly stated, there is no basis upon which to hold instructions 7(3) and 8 were erroneously given.

 Trial court was required to instruct the jury on the law applicable to facts supported by the evidence. See *State v. Scovill,* 224 N.W.2d at 223; *State v. Ritchison,* 223 N.W.2d at 211; *State v. Lamar,* 210 N.W.2d 600, 605–606 (Iowa 1973); *State v. McConnell,* 178 N.W.2d 386, 389–390 (Iowa 1970). All of the above noted instructions deal with issues properly raised in course of trial. No asserted error attended submission thereof.

 VI. Defendant's remaining complaints can be disposed of summarily. He initially maintains trial court erred in submitting this case to a jury because of insufficient evidence to generate a fact issue. As demonstrated, *supra,* there is no merit in this contention.

 It is also claimed trial court erroneously overruled defendant's post-verdict motions for acquittal, directed verdict and dismissal, or alternatively for a new trial. As to such directed verdict and acquittal motions, there was no error. *State v. Deets,* 195 N.W.2d 118, 124 (Iowa 1972), aptly holds: "[R]elief after return of a guilty verdict in a criminal prosecution is, in this state, statutorily limited to arrest of judgment or a new trial." See also *State v. Untiedt,* 224 N.W.2d 1, 4 (Iowa 1974). Defendant was entitled to no such post-verdict redress.

Affirmed.