649 A.2d 107

CARDELL, INC., A NEW JERSEY CORPORATION, PLAINTIFF–
RESPONDENT, v. ANDREW PISCATELLI, DEFENDANT–
APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 17, 1994—Decided November 16, 1994.

Before Judges DREIER, VILLANUEVA and WEFING.

*Dennis A. Estis* argued the cause for appellant (*Greenbaum, Rose, Smith, Ravin & Davis,* attorneys; *Mr. Estis,* of counsel and on the brief; *Eric A. Cohn,* on the brief).

*Bruce S. Etterman* argued the cause for respondent (*Hellring, Lindeman, Goldstein & Siegal,* attorneys; *Mr. Etterman,* of counsel and on the brief; *James A. Scarpone,* on the brief).

The opinion of the court was delivered by

VILLANUEVA, J.A.D.

Defendant appeals, after a special master's review, from a judgment of $178,571.63 plus interest entered against him and in favor of plaintiff for work performed in paving a parking lot. We reverse and remand for a full trial in the Law Division.

The primary issue is whether recycled asphalt pavement (RAP) mixed with certain soil aggregate constituted a proper base material. A secondary issue is whether defendant agreed to pay for additional base to be installed if poor soil conditions were found which required it. However, the most significant issue is the procedure employed by the court, which consisted of the appointment of a special master for discovery who thereafter was reappointed as a special master to advise the court concerning the decision in the case. Under this procedure, the parties were severely limited regarding production of witnesses; only the parties and the independent expert were permitted to testify, although the parties' experts' reports were admitted and considered.

Plaintiff is a paving contractor whose president is Carmine Dellapietro (Dellapietro). Plaintiff also operates a recycling facility, a gravel mine, an asphalt plant and other subsidiary busi-

nesses. Defendant, Andrew Piscatelli, is the owner and manager/developer of Commerce Plaza, which consists of two commercial buildings. In 1989, defendant began developing Commerce Plaza in Aberdeen.

In the fall of 1989, defendant contacted Dellapietro to discuss the construction of a parking lot at Commerce Plaza. Defendant gave Dellapietro engineering prints for which site plan approval had been granted by Aberdeen Township. The prints set forth the nature of the work to be done and the specific materials to be used, and defendant informed Dellapietro that the work had to conform to the prints. Dellapietro testified that he understood that the work had to conform to the Town's specifications and also had to be approved by the town.

On November 10, 1989, Dellapietro told defendant that he would not do the job with quarry process for the first six-inch base layer because there was not enough of that material available at that time of year. Instead, Dellapietro stated he would do the job with equivalent material made by plaintiff called Cardell's RAP. Later that day, the parties reached an agreement regarding the paving work, but subsequent events indicated that many items were disputed, including whether RAP was an approved material, whether it was satisfactory to governmental authorities and what, if any, work constituted extras.

Defendant alleges that Cardell's RAP is not pure recycled or reclaimed asphalt as is traditional RAP, but rather is a mixture of traditional RAP and soil aggregates. Defendant, nevertheless, agreed to the use of Cardell's RAP if the town engineer approved it. Dellapietro testified that the township engineer upon receiving a sample approved it.

On December 18, 1989, Frank W. Hahne, the Township Engineer, sent defendant a letter requesting that overdue density tests be completed immediately. Defendant claims he gave this letter to plaintiff but Dellapietro denies receiving it. One of the issues is the effect, if any, of the failure to test for density, and another is the effect of using RAP.

After completing the work, plaintiff filed a complaint against defendant seeking payment for materials and services to pave defendant's parking lot. Defendant filed an answer and counterclaim, demanding relief based upon plaintiff's failure to complete the paving according to specifications, to obtain municipal approvals and to provide adequate materials.

In early 1991, the township reduced defendant's performance bond for the construction of Commerce Plaza from $270,000 to less than $50,000. Hahne stated that "Our office has made an on-site inspection and found all items to be satisfactorily complied with...."

On January 3, 1992, the trial court, with the consent of the parties and their attorneys, appointed Robert P. McDonough, Esq., to be a discovery master, suspended discovery pending direction from the master and provided:

> The parties, with the assistance of the Master, if necessary, will select an independent expert to examine the site, the records of the parties and of Aberdeen Township and of such persons as he desires in connection with engineering matters, and issue his report and conclusions. The conclusions shall be binding upon the parties....

On May 22, 1992, the court entered an order ending discovery and appointing McDonough, a Special Master[1]. Although defendant did not consent to this order, he did not specifically object to it or seek leave to appeal. The Special Master was ordered to take testimony of Carmine Dellapietro and defendant as the only witnesses, and to "render his report and recommendations to the Court."

The order provided further:

---

[1] The record does not indicate that the assignment judge referred either appointment to Chief Justice Wilentz for approval as required by *R.* 4:41–1. By order effective March 1, 1993, the Supreme Court relaxed the reference rules for a period of one year "to permit Assignment Judges to approve the appointment of special masters when all parties consent, or under truly extraordinary circumstances, without application to the Chief Justice." The Supreme Court later extended this order to be effective until March 1, 1995.

The Court, after considering the report of defendant's expert, the report of plaintiff's expert (whose report must be submitted to the Special Master and to the Court within 60 days from the date hereof,) the report of the Court appointed expert and the report of the Special Master, will render its judgment in this case.

On November 17, 1992, the court entered an order permitting defendant time to obtain new counsel, which he did. On December 2, 1992, the court held a conference regarding defendant's objections to the limitation of witnesses and defendant's objection to the manner in which the matter was scheduled to be heard. No verbatim record was made of this conference. On December 21, 1992, the court entered an Order Amending the Case Management Order dated May 22, 1992, adjourning the hearing and permitting the court-appointed paving expert to testify and allowing the parties' experts to submit reports.

On January 8, 1993, defendant moved for leave to file an amended counterclaim to assert misrepresentation and breach of implied duty of good faith and fair dealing. On May 12, 1993, the court denied defendant's motion.

After the Special Master held hearings for four days, defendant filed an application to re-open the hearings to admit a letter he had received from the New Jersey Department of Transportation (NJDOT), which the Special Master granted. On April 8, 1993, the Special Master issued his report and recommendation to the court. Defendant filed exceptions to the report.

In a final judgment dated August 16, 1993, the court awarded plaintiff a judgment in the amount of $178,571.63, pre-judgment interest from July 13, 1990 and costs of suit. The court later issued a letter opinion supplementing its opinion. On October 19, 1993, the court entered an Order Supplementing the Final Judgment to confirm that the final judgment also dismissed defendant's counterclaim.

After defendant filed a notice of appeal, we stayed execution on the final judgment by allowing the defendant to post $225,000 with the court in lieu of a supersedeas bond.

On appeal, defendant argues that (1) the limitation of witnesses was erroneous and prejudicial, and must be reversed and remanded; (2) failure to award damages to remediate deficient pavement was improper; (3) the trial court erred in finding that the RAP used by plaintiff complied with the ordinance; (4) damages should have been awarded for plaintiff's misrepresentations as to the RAP; (5) the decision to permit plaintiff to recover for "extra" work was against the weight of the evidence; and (6) the court's denial of defendant's request for leave to file an amended counterclaim constituted an abuse of discretion.

Although the January 3, 1992 order appointing a discovery master was clearly a consent order, the orders that followed were not. The order of May 22, 1992 cut off all discovery, called for the court to appoint an independent paving expert, appointed McDonough special master rather than discovery master and limited testimony to the principals of the two parties. A subsequent order entered in December 1992 permitted the court-appointed paving expert to testify, but did not permit the respective experts of the parties to do so.

The court had no authority to restrict the parties' rights at trial in the manner that it did. Although in cases involving extraordinary circumstances, this procedure might be justified, R. 4:41-1 to -5, there is nothing about this case that seems to require such extraordinary measures. This becomes apparent when considering the other issues raised by defendant. For instance, defendant was precluded from offering evidence of the impermissibility of the use of RAP under the Township ordinance and of the results of tests performed by a testing laboratory indicating that the pavement installed by the plaintiff did not comply with the Township's density requirements. The trial court merely concluded that this was implausible since the parking lot was apparently still functioning several years after it was completed. Defendant also argues that the court erred in finding that the RAP used by plaintiff complied with ordinance requirements when defendant was prevented from offering conflicting testimony.

Because of the limitations on witness testimony imposed by the trial court, defendant was unable to present anything but documentary evidence on these issues.[2] Defendant was prohibited from producing live testimony on these issues from the Municipal Engineer, representatives of Testwell–Craig, the NJDOT, and the parties' experts.

The right to present witnesses is "an essential element in the conduct of a trial ..." 98 *C.J.S. Witnesses* § 315 (Supp.1994) (*citing State v. Glenn*, 234 *N.W.*2d 396 (Iowa 1975)). The court's refusal to permit defendant to call such witnesses denied him a full and fair trial.

■ Defendant also complains that the trial court abused its discretion in denying his unopposed motion for leave to file an amended counterclaim alleging fraud, and in failing to award him damages based upon plaintiff's misrepresentations about the RAP which was used. The trial court, in its final letter opinion, noted that plaintiff had not presented evidence to support a claim of misrepresentation. That was true because the motion to amend the counterclaim was denied.

Leave to amend pleadings should be "freely given in the interest of justice." *R.* 4:9–1. The New Jersey Supreme Court has made it clear that "... achievement of substantial justice is the fundamental consideration." *Jersey City v. Hague*, 18 *N.J.* 584, 602, 115 *A.*2d 8 (1955).

We cannot see any justification for the court to have denied the motion. Because the trial court failed to state any reasons for the denial, in violation of *R.* 1:6–2(f), the record, or lack thereof, indicates that it was an abuse of discretion to deny the motion to file the amended counterclaim.

---

[2] The record contains letters from the NJDOT opining that the use of RAP at Commerce Plaza violates the Standard Specifications, as well as density test results and a letter from the Municipal Engineer demonstrating the deficient density of the pavement.

Lastly, defendant argues that the court's determination to permit plaintiff to recover for extra work was against the weight of the evidence. We need not discuss this issue in light of our determination that defendant was entitled to a full hearing.

Reversed and remanded for a full trial before a different judge. In addition, the trial court should grant defendant's motion to file an amended counterclaim.