**STATE of Iowa, Appellant,**

v.

**Jerry Dwight MEADOWS, Appellee.**

No. 03–2012.

Supreme Court of Iowa.

May 13, 2005.

**594**

Thomas J. Miller, Attorney General, Mark Hunacek, Assistant Attorney General, and Susan A. Wendel, Assistant County Attorney, for appellant.

John E. Billingsley of Walker, Knopf & Billingsley, Newton, for appellee.

CARTER, Justice.

The State of Iowa was granted discretionary review of an interlocutory ruling absolving a trucker of criminal charges for transporting an overweight load. Although the trucker had an overweight permit from the Iowa Department of Transportation (DOT) authorizing him to transport the weight he was carrying, the permit designated a route other than the one on which he was traveling when he was stopped at a DOT weigh station.

The district court ruled that the trucker was guilty of violating his permit in a manner other than weight and was not guilty of the more serious offense of transporting an overweight load.[1] After reviewing the record and considering the arguments presented, we reverse the ruling of the district court and remand the case for further proceedings on the State's trial information.

DOT, acting pursuant to Iowa Code section 321E.9 (2003), issued defendant a single-trip overweight permit to carry a rock crusher through Iowa from the Illinois line to the Nebraska line. The permit was valid between July 21, 2003, and July 25, 2003. It authorized a total gross weight of 119,800 pounds, which was substantially more than the legal weight limit. The route to be traveled was specified in the permit. Basically, that route was over Interstate Highway 80, but there were places along the route where the load was required to exit the interstate highway and travel in a westerly direction over numbered state highways before returning to Interstate 80.

One such deviation was to occur at the exit from Interstate 80 onto Iowa Highway 117. The designated route called for leaving Interstate 80 at Colfax, driving in a northerly direction on Highway 117 until it intersected with diagonal Highway 65, and then proceeding in a southwesterly direction on Highway 65 until reentering Interstate 80 near Altoona. The reason for this deviation was the existence of a

---

1. Fines for overweight violations are imposed pursuant to Iowa Code section 321.463 and are much greater than those imposed for a permit violation other than weight. The statutory fines for the weight violations alleged in the trial information total $7400. Violation of a special permit in a manner other than weight carries a fine of $100. Iowa Code § 321E.16.

limited-load bridge on Interstate 80 west of Colfax.

Defendant's trip across the state began on July 22. The weight of his load exceeded that allowed by Iowa Code section 321.463, but was within the weight limits allowed by the DOT overweight permit. When the tractor trailer with which defendant was hauling the rock crusher reached Colfax, he failed to exit Interstate 80 at Iowa Highway 117. Instead, he proceeded westward on Interstate 80 over the limited-weight bridge. Soon thereafter, he encountered a DOT weigh station near Mitchellville. After the weight of defendant's load was recorded, he was issued four citations for transporting an overweight load. One of these citations was for excessive gross weight, and the other three for excessive weight on particular axles of the vehicle.

The charges contained in the citations were made the subject of a trial information filed by the Jasper County Attorney. Following the filing of the information, defendant filed a motion to adjudicate points of law. In that motion, he requested the district court to rule that his only offense was a violation of his permit in a manner other than weight punishable under the provisions of Iowa Code section 321E.16. Following a hearing, the district court ruled in accordance with defendant's request, thereby absolving him of the overload charges contained in the trial information. We granted the State's application for discretionary review of that interlocutory ruling.

### I. Scope of Review.

■ Applications for separate adjudication of points of law are no longer recog-

nized by rule in civil proceedings but continue to be available in criminal prosecutions by virtue of the provisions of Iowa Rule of Criminal Procedure 2.11(2), which provides "[a]ny defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion." The scope of review with respect to rulings on such motions is for correction of errors at law. *State v. Olsen*, 482 N.W.2d 452, 455 (Iowa Ct.App.1992) (citing Iowa R.App. P. 4 [now Iowa R.App. P. 6.4]).

### II. Efficacy of DOT Permit With Regard to Loads Being Transported Over Routes Other Than Those That the Permit Designates.

■ In seeking reversal, the State urges that defendant is guilty of transporting an overweight load because the weight his tractor trailer was carrying exceeded that allowed under Iowa Code section 321.463, and the DOT permit he had been issued did not authorize him to carry a greater weight over the route on which he was driving when apprehended. Defendant argues that, unless the permit was revoked by administrative action, it authorized the carrying of weights within the limits of the permit. As a result, defendant asserts, his violation, if any, was in violating the terms of his permit in a manner other than weight.[2]

The district court agreed with defendant's argument. The court based its conclusion primarily on the provisions of an administrative regulation that provides:

> If any of the dimensions or weight of the vehicle and load as operated exceeds

---

2. The statute on which defendant relies provides:

> A person who violates a provision of a permit issued pursuant to this chapter ... *other than a provision relating to weight,*

shall be subject to a scheduled fine under section 805.8A, subsection 12, paragraph "f".

Iowa Code § 321E.16 (emphasis added).

the dimensions or weight allowed by the permit, or if the axle weights are in excess of the maximum weights allowed based on the total gross weight of the vehicle and load, the permit is invalid for that movement unless the permittee modifies the dimensions or weight to comply with the permit restrictions.

Iowa Admin. Code r. 761—511.16(4). The district court noted that this regulation only renders a permit invalid if the limits on weight or dimensions contained in the permit are exceeded. The court concluded that, because neither this regulation nor any other administrative rule purports to invalidate an overweight permit as a result of a route deviation, defendant's permit constituted legal authorization for the weight that he was transporting.

The State argues that the result reached by the district court is contrary to this court's decision in *State v. Glenn*, 234 N.W.2d 396 (Iowa 1975). *Glenn* was a case in which a trucker who had been issued an overweight permit hauled a load that exceeded the weight limitation contained in the permit. This court held that, in so doing, he rendered his permit void and was subject to an overweight violation, not only to the extent that his load exceeded that which was authorized by the permit, but for the full extent that his load exceeded the generally applicable statutory limits. In reaching that result, we stated:

> Briefly stated, the instantly involved special permit was issued for defendant's use and protection subject to compliance with the terms thereof. Otherwise, it was automatically voided, thus making defendant amenable to the penalty prescribed by law for overweight vehicles as though no special permit had issued.

*Glenn*, 234 N.W.2d at 400. Defendant attempts to distinguish *Glenn* on the basis

that both the permit and the applicable statutory law involved in that case provided the permit would be void if its load limits were exceeded.

In analyzing the arguments on appeal, we conclude that the district court improperly focused in its ruling on whether defendant's overload permit was rendered void as a result of his deviation from the designated route. We believe the decisive issue is more properly characterized as whether the permit as written provided authorization to haul a load exceeding the weight specified in Iowa Code section 321.463 over that portion of Interstate 80 where defendant was driving when apprehended. We are convinced that the permit did not provide such authorization. If defendant's load at that point exceeded that which was authorized by section 321.463, he was subject to conviction of any violation of the load limits contained in that statute. The district court erred in ruling otherwise.

We have considered all issues presented and conclude that the judgment of the district court should be reversed. The case is remanded to that court for further proceedings on the trial information.

**REVERSED AND REMANDED.**