The STATE of Ohio, Appellee,

v.

EVANS, Appellant.

[Cite as *State v. Evans* (1993), 89 Ohio App.3d 294.]

Court of Appeals of Ohio,
Medina County.

Nos. 2184, 2185.

Decided Aug. 18, 1993.

*Joseph A. Gambino,* Brunswick Prosecuting Attorney, for appellee.

*Page C. Schrock III,* for appellant.

QUILLIN, Presiding Judge.

Defendant, Lee Evans, appeals from the trial court's judgment finding appellant guilty of violating a Brunswick municipal ordinance for exceeding vehicle gross weight restrictions. We must determine whether the trial court erred in finding that the appellant's Special Hauling Permit (issued by the Ohio Department of Transportation) was rendered void rather than merely voidable upon discovery of a permit violation. We affirm.

Appellant was operating a tractor-trailer on State Route 303, within the city of Brunswick, when stopped by Brunswick police officer Sergeant Joe Patera. At the request of Sergeant Patera, appellant's vehicle was driven to, and weighed at, the weighing scales located in Brunswick. At this time, appellant produced a Special Hauling Permit issued by the Ohio Department of Transportation. Such a permit enables the holder to operate a vehicle with a gross weight in excess of statutory norms, but establishes independent upward limits for gross weight and weight per axle.

The operator of the weight scales determined the total gross weight of the vehicle to be 101,560 pounds and, therefore, within the 109,000–pound limit established by the permit. However, the individual axle weights greatly exceed-

ed the maximum weight allowable under the permit. Upon determining that the weight of appellant's axles exceeded the permissible axle weight under the Special Hauling Permit, Brunswick police officials treated the permit as void and appellant was cited under Section 440.05 of the Codified Ordinances of the City of Brunswick for operating a vehicle with a gross weight in excess of 80,000 pounds.

The case was tried on a stipulated set of facts before the Medina Municipal Court. Evans was found guilty of violating Brunswick City Ordinance 440.05(B). Evans appeals.

## Assignment of Error

"The trial court incorrectly interpreted the phrase 'null and void' as meaning void as used in the Special Hauling Permit issued to the appellant."

The Special Hauling Permit contains a specific clause warning of the consequences of noncompliance with the provisions of the permit. This clause reads:

"Non-compliance with the general or special provisions of a permit, exceeding the weights or dimensions granted, or operating on dates or upon highways other than assigned shall render the permit *null and void* and the operator of the vehicle subject to arrest, as provided in sections 5577.02 to 5577.05, inclusive, of the Ohio Revised Code." (Emphasis added.)

Appellant contends that the phrase "null and void" should be interpreted to render the permit and its attendant privileges voidable rather than void upon discovery of a violation. Under this theory, appellant argues that the trial court was in error by interpreting the phrase to render the permit void, subjecting appellant to immediate liability under the municipal ordinance upon discovery of the violation. We do not agree.

Appellant's argument relies heavily upon principles of statutory construction in interpreting the language of the Special Hauling Permit. Appellant cites both Black's Law Dictionary, and Ballentine's Law Dictionary, for the proposition that "null and void" is a term of art and, when used in a contract or statute, should render a provision merely voidable. Such a proposition is not supported by Ohio case law and would be in direct conflict with legislative and administrative intentions.

While R.C. 4513.34 allows for the issuance of a special permit for oversize and overweight vehicles, that section also empowers the Director of Transportation with the authority to "limit or prescribe conditions of operation for [such] vehicle." R.C. 4513.34. Specific reference to restrictions on special permits, as imposed by the Ohio Department of Transportation, Division of Highways, can be found in Ohio Adm.Code Chapter 5501:2–1. The criminal liability for violation of the special permit is set out in Ohio Adm.Code 5501:2–1–11, which states:

"(A) * * * Any *unpermitted movement* will subject the person making the movement to the criminal liability imposed under Section 5577.99 of the Revised Code for the penalties described therein." (Emphasis added.)

A definition of what constitutes an "unpermitted movement" is contained in Ohio Adm.Code 5501:2–1–01(U), which states:

" *'Unpermitted movement'* means any movement involving a vehicle and load exceeding the weight and/or dimension limitations of sections 5577.01 to 5577.09 of the Revised Code that is made either without a permit * * * *or contrary to the conditions and limitations imposed by a permit * * *."* (Emphasis added.)

From the foregoing passages, it can be clearly deduced that the Director of Transportation intended the protections of the Special Hauling Permit to be immediately voided, rather than merely voidable, upon the "unpermitted movement." Additionally, it has previously been judicially determined that granting and placing restrictions on Special Hauling Permits is within the Director of Transportation's authority as delegated pursuant to R.C. 4513.34. *State v. Trinkle* (July 22, 1988), Lucas App. No. L–87–266, unreported, 1988 WL 76701.

Two Ohio appellate courts have also considered this precise issue and have reached similar conclusions. In *State v. Trinkle, supra,* the Sixth District Court of Appeals was called upon to decide whether a tractor-trailer operator, who purportedly violated a Special Hauling Permit by failing to properly position vehicle warning flags, could be properly charged with exceeding statutorily imposed gross weight restrictions which would have otherwise been permissible under a valid Special Hauling Permit. The court held that if such a violation was found, it would render the Special Hauling Permit void and, consequentially, the tractor-trailer operator could be properly charged with exceeding the statutorily imposed gross weight limit. *Id.*

In an earlier case, the Second District Court of Appeals was called upon to decide whether a fine for exceeding the maximum weight allowable under a special permit could be properly imposed to the extent that the statutory provisions would have affected the appellant were he initially without a Special Hauling Permit. In upholding the fine, the court reasoned that:

"The special permit authorized by law to be issued in the discretion of the Director of Highways was designed to protect the defendant as a holder of same, providing the conditions assented to were complied with, otherwise the defendant would be amenable and subject to the penalties as specifically prescribed by the legislature for hauling a load in violation of the requirements of the law." *State v. Weaver* (App.1956), 79 Ohio Law Abs. 258, 261, 144 N.E.2d 300, 302.

We find this reasoning persuasive and hold that the trial court did not err in finding that the Special Hauling Permit became void when appellant violated the terms of the special permit.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE and DICKINSON, JJ., concur.