This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Albert Gamble, Jr., appeals the decision of the Medina Municipal Court, which found appellant guilty of violating a Brunswick municipal ordinance for exceeding vehicle gross weight restrictions. This Court affirms in part, vacates in part and remands.
 I.
Appellant was operating a tractor-trailer on State Route 303, within the city of Brunswick, when he was stopped by Brunswick police officer Steve Hoover. Appellant's vehicle weighed 94,520 pounds, 17,480 pounds more than allowed by law, unless appellant had a Special Hauling Permit ("SHP") issued by the Ohio Department of Transportation. Such a permit enables the holder to operate a vehicle with a gross weight more than statutory norms, but establishes independent upward limits for gross weight and weight per axle. Although a SHP had been issued that allowed appellant to carry up to 112,000 pounds, appellant did not have the SHP with him.
The case was tried on a stipulated set of facts before the Medina Municipal Court. The trial court held that appellant's failure to have the special hauling permit in his possession at the time he was pulled over violated the terms of the permit and, therefore, the permit was null and void. Consequently, the trial court found appellant guilty of violating Brunswick City Ordinance 440.05(F) and imposed a fine of five hundred and ninety five dollars plus costs.
Appellant timely appealed and has set forth two assignments of error.
 II. FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FINDING MR. GAMBLE GUILTY OF THE CHARGE DESPITE THAT HE HAD A VALID SPECIAL HAULING PERMIT AUTHORIZING THE LOAD IN QUESTION."
Appellant has argued that the trial court erred in finding him guilty of violating Brunswick City Ordinance 440.05(F) because he had a valid hauling permit. This Court disagrees.
Appellant's special hauling permit was issued pursuant to R.C. 4513.34. R.C. 4513.34 states:
 "Every permit shall be carried in the vehicle or combination of vehicles to which it refers and shall be open to inspection by any police officer or authorized agent of any authority granting the permit. No person shall violate any of the terms of a permit."
The special hauling permit itself states:
 "Failure to comply with the SHP provisions or the general provisions (OS-1A) * * * shall render the SHP null and void and the operator of the vehicle will be subject to enforcement action, as provided in sections 5577.02 to 5577.05 inclusive, of the Ohio Revised Code." * * * "Permits Limitations/Provisions Form OS-1A (Rev 7/99) must be attached." Form OS-1A states:
 "The original copy of the Special Hauling Permit (SHP) shall be in the possession of the driver at all times during the progress of transportation and will be shown on demand to any police officer or Ohio State Highway Patrol employee. OHIO SHP'S MAY NOT BE RE-TRANSMITTED."
In the present case, appellant did not have the permit when he was pulled over by the officer. Therefore, he violated the terms of the permit, which required him to have the original in his possession. This violation rendered the special hauling permit null and void. State v.Evans (1993), 89 Ohio App.3d 294, 297-298.
Appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY FAILING TO PROVIDE THE DEFENDANT WITH HIS RIGHT OF [ALLOCUTION]."
Appellant has argued that the trial court erred by sentencing him without giving his counsel or him an opportunity to address the court. This Court agrees.
Crim.R. 32(A)(1) states that at the time of imposing sentence, the court shall:
 "Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."
In this case, the trial court issued a written opinion without first offering appellant's counsel the opportunity to speak on his behalf or addressing the appellant to see if he wanted to address the court on his own behalf. Therefore, appellant's fine is vacated, and the cause shall be remanded back to the Medina Municipal Court for the sole cause of resentencing. Upon remand, appellant and appellant's counsel shall be allowed to address the court prior to the imposition of sentence.
 III.
Appellant's second assignment of error is sustained. The judgment of the Medina Municipal Court is affirmed in part, vacated in part, and remanded.
BAIRD, P.J., BATCHELDER, J. CONCUR.