[Cite as *State v. Hamilton*, 2019-Ohio-3702.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                     Court of Appeals No. E-19-013

      Appellee                            Trial Court No. TRD 190055

v.

Derrick A. Hamilton                          **DECISION AND JUDGMENT**

      Appellant                           Decided:  September 13, 2019

* * * * *

Konrad Kuczak, for appellant.

* * * * *

**ZMUDA, J.**

{¶ 1} Appellant, Derrick A. Hamilton, appeals the Huron Municipal Court's February 8, 2019 judgment entry convicting him of a violation of R.C. 5577.04.  For the reasons that follow, we reverse the trial court's judgment.

## I.  Background

{¶ 2} On January 16, 2019, during his travel through Erie County, Ohio, appellant was issued a citation alleging a violation of R.C. 5577.04(E) for exceeding the 80,000 pound gross vehicle weight limit established therein.  The matter proceeded to a bench trial on February 8, 2019, where the following facts were established.

{¶ 3} On the date appellant was issued the citation, Deputy Nick Mazur of the Erie County Sheriff's Department was monitoring traffic on State Route 2 in Erie County.  He noticed appellant traveling westbound on State Route 2.  As appellant approached Mazur's location, Mazur identified appellant's vehicle as being "oversized" through its use of amber warning lights and the presence of an Ohio State Highway Patrol unit escort.  Once appellant's vehicle passed Mazur's location, he obtained appellant's license plate number and ran it through the Ohio Department of Transportation's special permit system to review appellant's permit to operate an oversized load.  In reviewing the permit, Mazur identified appellant's approved route of travel.  Because Mazur was not familiar with any locations along the approved route where appellant could deliver the oversized load, he began to follow appellant.

{¶ 4} While behind appellant, the deputy noted the load extended past both sides of appellant's trailer.  He also concluded the vehicle's tire bulge suggested appellant's gross vehicle weight exceeded 80,000 pounds, the limit established in R.C. 5577.04(E).  The deputy followed appellant to the highway intersection of State Route 13 at U.S. Route 6, identified in the permit as the conclusion of appellant's approved route.  Once appellant reached this point, he turned right onto U.S. Route 6 heading eastbound.  He

2.

then turned left from U.S. Route 6 onto Tiffin Avenue in the City of Huron, Erie County, Ohio. Following appellant's subsequent right turn onto Meeker Street in Huron, Mazur initiated a traffic stop.

{¶ 5} During the traffic stop, Mazur weighed appellant's vehicle using a scale sealed and certified by the Ohio Department of Agriculture. The scale showed appellant's vehicle with a gross weight of 123,600 pounds. Appellant's special hauling permit, issued pursuant to R.C. 4513.34, allowed appellant to travel with a gross vehicle weight of 146,000 pounds. Additionally, it allowed appellant to travel no more than one mile from the approved route for "food, fuel, rest, or repair." Mazur's traffic stop was initiated within one mile of the last highway intersection identified in the permit's approved route. The purpose of appellant's deviation from the approved route was not identified at trial.

{¶ 6} In addition to the one-mile route deviation restriction, appellant was not permitted to cross any "structures" while traveling away from the approved route. The permit defines structures as "anything 10 feet wide or greater." While deviating from the approved route, appellant crossed over two bridges. The width of either bridge appellant crossed was not introduced at trial.

{¶ 7} Based on these facts, and following denial of appellant's motion for acquittal, the trial court entered judgment against appellant finding he acted outside his permit and violated R.C. 5577.04(E) by exceeding the 80,000 pound gross vehicle weight

3.

limit for travel on a highway.[1]  The trial court ordered appellant to pay a fine and costs totaling $1,578.  Appellant timely appealed and assigns a single assignment of error for our review:

> The trial court committed prejudicial error by finding the defendant guilty without sufficient evidence.

## II.  Law and Analysis

**{¶ 8}** In his sole proposition of law, appellant argues the state failed to provide sufficient evidence to support his conviction for a violation of R.C. 5577.04(E).  "With respect to sufficiency of the evidence, 'sufficiency' is a term of art meaning that legal standard which is applied to determine whether the * * *evidence is legally sufficient to support [the verdict] as a matter of law." *State v. Thompkins*, 78 Ohio St. 3d 380, 386, 678 N.E.2d 541 (1997).  "In essence, sufficiency is a test of adequacy.  Whether the evidence is legally sufficient to sustain a verdict is a question of law." *Id.*  "In reviewing a challenge to the sufficiency of evidence, '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Walls*, 6th Dist. Erie Nos. E-16-027, E-16-028, 2018-Ohio-329, ¶ 69, citing *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997).  "In making that determination, the appellate court will not weigh the evidence or assess the credibility of the witnesses."

---

[1] Neither the denial of appellant's Crim.R. 29 Motion for Acquittal nor the validity of asserting the motion during a bench trial are at issue in this appeal.

4.

*Id.*, citing *State v. Walker,* 55 Ohio St.2d 208, 212, 378 N.E.2d 1049 (1978). Therefore, we review the evidence presented by the state at trial to determine only whether that evidence is sufficient to support appellant's conviction.

{¶ 9} R.C. 5577.04(E) provides "the maximum overall gross weight of vehicle and load imposed upon the road surface shall not exceed eighty thousand pounds." Operation of a vehicle "over or upon the improved public streets, highways, bridges, or culverts in this state" in excess of the maximum weight described in R.C. Chapter 5577 is prohibited "except upon special permission, granted as provided by section 4513.34 of the Revised Code." That section permits the director of transportation, upon written application, to issue a permit allowing the applicant "to operate or move a vehicle or combination of vehicles * * * (a) [a]t a size or weight of vehicle or load exceeding the maximum specified in sections 5577.01 to 5577.09 of the revised code[.]" R.C. 4513.34(A)(1)(a).

{¶ 10} When granting a special permit under R.C. 4513.34, the director of transportation "may limit or prescribe conditions of operation for the vehicle[.]" R.C. 4513.34. The failure to comply with a permit's imposed conditions may result in criminal penalties for violations of the weight limits established in R.C. 5577.04 despite the issuance of a permit. *See State v. Evans*, 89 Ohio App.3d 294, 296-297, 624 N.E.2d 263 (9th Dist.1993) (holding the failure to abide by the terms of a special permit rendered the permit null and void and subjected defendant to penalties under R.C. 5577.02 to 5577.05); *State v. Trinkle*, 6th Dist. Lucas No. L-87-266, 1988 WL 76701 (July 22, 1988) (holding compliance with permit conditions precluded a finding of violation of

5.

weight limitations established in R.C. 5577.04). Here, appellant was convicted of exceeding the maximum gross vehicle weight limit of 80,000 pounds established in R.C. 5577.04(E). It is undisputed appellant had a special permit issued under R.C. 4513.34 to exceed that restriction. On appeal, appellant correctly argues that since he was operating under permit, he could only have been subject to fines and penalties for a violation of R.C. Chapter 5744 if he violated the conditions for operation of his vehicle as described in the permit. *See Trinkle* at 3. Therefore, in order to support a conviction for the charged violation, the state must have provided sufficient evidence to show appellant did in fact violate the permit conditions.

{¶ 11} At trial, the special permit was admitted into evidence without objection. The relevant language of the permit states:

> The permittee is authorized to exit the permitted route at any State Highway intersection for food, fuel, rest, or repair provided that the hauler does not travel more than 5,280 feet (1 mile) from the interchange (measured as a lane mile from the junction of the off ramp) and does not cross under (if permitted height exceeds 13 feet 6 inches) or over any structure (structure is defined as anything 10 feet wide or greater). * * * By travelling more than 5,280 feet (1 mile) or crossing over or under (if permitted height exceeds 13 feet 6 inches) any structure the permittee will be considered off route. In the event the permittee travels beyond the one

6.

mile limit, crosses a structure within the one mile variance, or violates any other provision of the permit, the permittee is in violation and subject to applicable fines and penalties.[2]

It is clear appellant's special hauling permit conditioned his exemption from R.C. 5577.04 on adherence to these conditions. We turn, then, to the record to determine whether the state's evidence at trial was sufficient to support a conclusion that appellant breached these conditions.

{¶ 12} A plain reading of the permit reveals three relevant conditions on which appellant could deviate from the approved route without subjecting himself to applicable fines and penalties. First, the deviation from the approved route is permissible if it does not exceed one mile. In his testimony, Mazur conceded appellant's stop occurred within one mile of the last highway intersection identified on appellant's approved route. Despite this fact, Mazur testified "[t]he permit * * * doesn't cover movement outside of your permitted route." He further testified that once appellant reached the last identified intersection on the permit, appellant did not have "a permit to go anywhere." Essentially, Mazur's testimony indicates his interpretation of the permit's language as being any movement beyond this last identified intersection was not allowed. However, there are no conditions in the permit that restrict the allowed one-mile deviation from the approved route only to points along the route but not the ends of the route itself. The state did not

---

[2] While the permit references violations of other provisions of the permit as subjecting appellant to applicable fines and penalties, only appellant's deviation from the approved route and crossing over a structure were presented at trial as evidence of appellant's breach of the permit.

7.

identify any statute or introduce any other evidence that suggests such a limitation exists. Without any evidence or testimony indicating the allowed one-mile deviation from the approved route did not apply to the end of that route, we find no reasonable trier of fact could find beyond a reasonable doubt that appellant breached the geographic route deviation condition included in his permit.

{¶ 13} The second permit condition addressed at trial which appellant could have violated to subject himself to applicable fines and penalties was deviating from his route for a reason other than food, fuel, rest, or repairs. The permit clearly establishes these as the only reasons appellant could have taken the one-mile deviation from his approved route. The state offered no evidence to show appellant's deviation was for a reason other than those specified. When questioned regarding the purpose of appellant's deviation, Mazur only testified that he did not know if appellant deviated from his route for purposes of resting. Not knowing the reason for appellant's deviation is not sufficient to show his route deviation breached this condition. Because the state presented no evidence on this issue, it is clear the state failed to introduce sufficient evidence supporting this alleged breach.

{¶ 14} Finally, the permit prohibited appellant, when deviating not more than one mile from the approved route for a permissible purpose, from crossing any structures. Mazur testified "structures" as described in the permit included bridges.[3] The permit

---

[3] There is no evidence in the record specifically including bridges as a "structure" according to the permit. However, the remaining terms of the permit references "going over" or "passing under" structures on the highway. R.C. Chapter 153 also refers to bridges as "structures." Based on this, we conclude the permit's use of structures

8.

defines a structure as "anything 10 feet wide or greater." Therefore, in order to show appellant breached this condition of the permit during his deviation from the approved route, the state must have provided sufficient evidence he crossed a structure ten feet wide or greater. Mazur testified he saw appellant cross two bridges during his deviation from the approved route. However, Mazur offered no testimony regarding the width of the bridges he observed appellant crossing. As a result, the state offered no evidence which supports a finding the structures appellant crossed were ten feet or more in width. Without any such evidence, no reasonable trier of fact could find beyond a reasonable doubt appellant breached this condition of the permit.

{¶ 15} In this case, finding a breach of the conditions of operation in appellant's permit issued pursuant to R.C. 4513.34 is a necessary element to establish appellant violated R.C. 5577.04(E). Here, the state failed, even when construing the evidence in a light most favorable to the state, to present sufficient evidence appellant breached any of the conditions included in his special hauling permit which would have subjected him to applicable fines and penalties for any gross vehicle weight violations. As the state failed to provide sufficient evidence on which appellant's conviction was based, appellant's assignment of error is found well-taken.

---

includes bridges. This conclusion does not impact our determination on the sufficiency of the state's evidence as finding the permit's use of "structures" did not include bridges would only further show the state failed to provide sufficient evidence appellant crossed over a structure as defined in the permit.

9.

### III. CONCLUSION

{¶ 16} For the foregoing reasons, we find appellant's assignment of error well-taken. We therefore reverse the February 8, 2019 judgment entry of the Huron Municipal Court. When a conviction is reversed for insufficiency of the evidence, further proceedings for a new determination of guilt or innocence are barred by double jeopardy. *See State v. Lovejoy,* 79 Ohio St.3d 440, 450, 683 N.E.2d 1112 (1997); *State v. Harris,* 6th Dist. Erie No. E-04-034, 2007-Ohio-2397, ¶ 13, citing *Burks v. United States*, 437 U.S. 1, 14-15, 98 S.Ct. 2141, 57 L.E.2d 1 (1978). Therefore, the judgment of conviction of the Huron Municipal Court is vacated and the charges against appellant are hereby dismissed. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.        _____
                                            JUDGE

Thomas J. Osowik, J.

Gene A. Zmuda, J.        _____
CONCUR.                                             JUDGE

_____
                                            JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.